**FILED**

APR 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY BONAPARTE, )
)
Plaintiff, )
)
v. ) Case: 1:07-cv-00749
) Assigned To : Kennedy, Henry H.
) Assign. Date : 04/24/2007
UNITED STATES DEPARTMENT OF JUSTICE, ) Description: BONAPARTE v. DOJ
)
Defendant. )
)

## ORDER

Plaintiff has submitted the requisite financial information pursuant to 28 U.S.C. § 1915(a)(1994). Upon review of the financial information, the Court finds that plaintiff is required to pay the statutory filing fee of $350.00 for this action in accordance with the provisions of 28 U.S.C. § 1915(b)(1)). Accordingly, it is this _10th_ day of April, 2007,

**ORDERED** that:

1. The plaintiff is obligated to pay an initial partial filing fee payment of $ 10.82.

2. The plaintiff is obligated to submit to the United States District Court for the District of Columbia for twenty percent of the preceding month's income credited to his prison account as partial payment of the $350.00 filing fee.

3. The payment described above and all future payments shall be deducted from the plaintiff's prison account and paid to the Clerk of the United States District Court for the District of Columbia each time the amount in the account exceeds $10 until the entire filing fee is paid.

4. A copy of this Order shall be furnished to plaintiff's place of incarceration.

5.  Plaintiff's application to proceed *in forma pauperis* is granted.

_____
United States District Judge

FILED
APR 3 0 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Micheal R. Lucky, )
)
     Plaintiff, )
)
v. ) Civil Action No. 08 0749
)
Houston, Texas, Police Department, )
)
     Defendant. )

## TRANSFER ORDER

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. Plaintiff, who claims to be homeless, is suing the Police Department of Houston, Texas, for alleged brutality during an encounter with two officers in April 2005 in Houston. He seeks monetary damages of $250 million.

The events forming the basis of the complaint are not alleged to have occurred in the District of Columbia; thus, this venue is improper for litigating the claims. *See* 28 U.S.C. § 1391(b) (designating the proper venue under the circumstances presented as the location where the defendants are located or where a substantial part of the events occurred). The Court finds it in the interests of justice and judicial economy to transfer the case. Accordingly, it is this 18th day of April 2008,

ORDERED that plaintiff's motion to use a P.O. Box address is GRANTED; and it is

FURTHER ORDERED that, pursuant to 28 U.S.C. § 1406(a), this action is hereby TRANSFERRED to the United States District Court for the Southern District of Texas. The Clerk of this Court shall file and docket the complaint. Whether plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

                                                              /s/ Royce C. Lamberth
                                                              United States District Judge