**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GREGORY BONAPARTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 07–0749 (HHK) |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant, United States Department of Justice, by and through undersigned counsel, hereby moves, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(7), to dismiss this action. In the alternative, this Court should enter summary judgment in favor of Defendant, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the Defendant is entitled to judgment as a matter of law. In support of its motion, Defendant submits a Memorandum of Points and Authorities, a Statement of Material Facts Not In Dispute, Public Information Inmate Data for Plaintiff, and the Declarations of John F. Boseker and Chiquita J. Hairston, as Exhibits 1, 2, and 3.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavits and other attachments in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in Defendant's attachments. See, e.g., Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Local Civil Rule 7(h); Fed. R. Civ. P. 56(e). Specifically, Rule 56(e) of the Federal Rules

of Civil Procedure provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

The grounds for the motion are set forth in more detail in the accompanying memorandum of points and authorities in support of the motion.[1]  A proposed Order consistent with this motion is attached hereto.

---

[1] Consistent with the guidance of the Court of Appeals in <u>Neal v. Kelly</u>, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Defendant reminds this *pro se* litigant that his failure to respond or contest Defendant's motion may lead to an entry of adverse judgment against him.  In <u>Fox v. Strickland</u>, 837 F.2d 507, 509 (D.C. Cir. 1988), the Court of Appeals noted that a *pro se* party may lose if he fails to respond to a dispositive motion.  <u>See also</u> <u>Ham v. Smith</u>, 653 F.2d 628, 629-30 (D.C. Cir. 1981).  Failure to respond to Defendant's motion to dismiss may result in the district court granting the motion and dismissing the case.

Respectfully submitted,


__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GREGORY BONAPARTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07–0749 (HHK) |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF ITS MOTION TO DISMISS, OR**
**IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974 ("the Privacy Act"), 5 U.S.C. § 552a, and pertains to the processing of Plaintiff's FOIA/Privacy Act request by the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). Plaintiff's claims must be dismissed, or in the alternative, summary judgment must be granted in Defendant's favor, because Plaintiff has failed to exhaust his administrative remedies. Moreover, dismissal is warranted because Defendant conducted a reasonable search, and turned over what documents it had that were responsive to Plaintiff's request.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. General Background on Plaintiff

Plaintiff Gregory Bonaparte, Federal Register No. 22786-018, is a federal inmate who is

currently housed at the Federal Correctional Institution in Loretto, Pennsylvania.  See Compl.

¶ 2; Search Results on BOP Inmate Locator for "Gregory Bonaparte," available at

http://bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&L

astName=bonaparte&Middle=&FirstName=gregory&Race=U&Sex=U&Age=&x=0&y=0; see

also Exhibit 1, Public Information Inmate Data for Plaintiff at 001.

On April 28, 1999, Plaintiff was sentenced in the United States District Court for the

Middle District  of Florida to a sentence of 360 months, followed by 5 years supervised release,

for the offense of "Distribution of Cocaine Base."  See Ex. 1, Public Information Inmate Data for

Plaintiff, at 003.  Plaintiff has a projected release date of July 17, 2024.  Id. at 003.

### B.    Plaintiff's initial FOIA Request

By letter to the EOUSA, dated April 26, 2006, and received by the EOUSA on May 9,

2006, Plaintiff submitted a request for information under the FOIA and Privacy Act.  See Ex. 2,

Declaration of John F. Boseker ("Boseker Decl.") ¶ 6 and Exhibit A to Boseker Decl.; see also

Complaint ("Compl.") ¶ 5.  Plaintiff's FOIA/Privacy Act request was for "the letter of

appointment and oath of office" of "Latour Lafferty, Assistant United States Attorney for the

Middle District of Florida" and "Kathy J.M. Peluso, Appellate Counsel for the Eleventh Circuit

Court of Appeals."  Id.; see also Compl. ¶ 6.  At the bottom of this request, Plaintiff included a

handwritten note in which he stated that "[a]s you are aware[,] per statute you have 20 days to

respond to the above request" and further that "[i]f[,] for whatever reason[,] you're unable to

respond please inform me of name and a date specific as to when this matter will be resolved."

See Ex. 2, Exhibit A.

EOUSA assigned two file numbers to each subject matter request in the letter, to reflect

2

the separate and distinct searches which would need to be performed in the U.S. Attorney's

Office for the Middle District of Florida ("USAO/MDFL").  See Ex. 2, Boseker Decl. ¶ 7.

### C.    EOUSA's Responses to FOIA Request No. 06-3440 (Concerning AUSA Kathy Peluso)

By letter dated October 23, 2006, EOUSA notified Plaintiff, in relevant part, that it had

received his FOIA/Privacy Act request and that the portion of that request which concerned

Kathy Peluso's Oath and Appointment in the USAO/MDFL had been assigned the FOIA Request

Number 06-3440. See Ex. 2, Boseker Decl. ¶ 8 and Exhibit B; see also Compl. ¶¶ 7-9.

On November 15, 2006, EOUSA provided Mr. Bonaparte with a full release of 2 pages of

records concerning "[r]equest [n]umber: 06-3440" and the subject of "AUSA Kathy Peluso (Oath

of Ofc.)/ Middle District of Florida."  See Ex. 2, Boseker Decl. ¶ 9 and Exhibit C.  These

documents had been located by the FOIA contact for the USAO/MDFL and forwarded to the

EOUSA for processing.  Id.  No records were withheld from disclosure.  Id.  The November 15,

2006 letter also advised Plaintiff of the fact "[t]his is the final action on this . . . request" and that

"[y]ou may appeal this decision on this request by writing within 60 days from the date of this

letter to the Office of Information and Privacy, United States Department of Justice, 1425 New

York Avenue, Suite 11050, Washington, D.C. 20530-0001."  See Ex. 2, Boseker Decl., Exhibit

C (emphasis in original).  The letter further explained that "[i]f you are dissatisfied with the

results of such administrative appeal, judicial review may thereafter be available in U.S. District

Court, 28 C.F.R. § 16.9."  Id. (emphasis added).

### D.    EOUSA's Response to FOIA Request No. 06-3441 (Concerning AUSA Latour Lafferty)

By letter dated October 23, 2006, EOUSA notified Plaintiff, in relevant part, that it had

received his FOIA/Privacy Act request and that the portion of that request which concerned

Assistant United States Attorney Latour Lafferty had been assigned the FOIA Request Number

06-3441. <u>See</u> Ex. 2, Boseker Decl. ¶ 11 and Exhibit D; <u>see also</u> Compl. ¶¶ 7-9.  Although the

letter referred to an AUSA Latour "Rafferty," this was an inadvertent mistake, the letter clearly

concerned Assistant United States Latour <u>L</u>afferty, who had been one of the two subjects of

original request and search.  <u>See</u> Ex. 2, Boseker Decl. ¶ 11 and Exhibit D.

By letter dated November 15, 2006, EOUSA informed Plaintiff that "[a] search for

records located in the [USAO/MDFL] ha[d] revealed no responsive records regarding" the

"FOIA Request Number: 06-3441" whose subject was "AUSA Latour Lafferty (Oath of

Ofc./Appt)/Middle District of Florida" because "AUSA Lafferty is no longer employed with this

office [i.e., the USAO/MDFL]."  <u>See</u> Ex. 2, Boseker Decl. ¶ 12 and Exhibit E; <u>see also</u> Compl..

¶¶ 10-11, Exhibit A to Complaint.  The letter advised Plaintiff however that "[y]ou may be able

to obtain the records you seek by contacting the [National Personnel Records Center]," and

provided the address at which the National Personnel Records Center could be reached.  <u>See</u> "

<u>See</u> Ex. 2, Boseker Decl. ¶ 12 and Exhibit E; <u>see also</u> Compl.. ¶¶ 12, Exhibit A to Complaint.

The November 15, 2006 letter also advised Plaintiff of the fact "[t]his is the final action on this . .

. request" and that "[y]ou may appeal this decision on this request by writing within 60 days from

the date of this letter to the <u>Office of Information and Privacy, United States Department of</u>

<u>Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001</u>."  <u>See</u> Ex. 2,

Boseker Decl., Exhibit E (emphasis in original).  The letter further explained that "[i]f you are

dissatisfied with the results of such administrative appeal, judicial review may <u>thereafter</u> be

available in U.S. District Court, 28 C.F.R. § 16.9."  <u>Id</u>. (emphasis added).

4

**E.    Plaintiff failed to File an Appeal of EOUSA's Responses to FOIA Request Nos. 06-3440 and 06-3441 with the Office of Information and Privacy**

There is no record of Plaintiff ever having filed an appeal of EOUSA's determinations concerning FOIA Request Nos. 06-3440 and 06-3441, with the Office of Information and Privacy ("OIP") prior to seeking judicial review in this Court via this action.  See Ex. 2, Boseker Decl. ¶¶ 10, 13-14; Ex. 3, Declaration of Chiquita J. Hairston ("Hairston Decl.") ¶¶ 2-8.

On June 28, 2007, John Boseker of EOUSA asked the OIP to double check whether Plaintiff had ever submitted any appeals to the OIP, from the action of the Executive Office for United States Attorneys, related to FOIA Nos. 06-3440 and 06-3441.  See Ex. 3, Hairston Decl. ¶¶ 1-2.  On that day, Chiquita J. Hairston, an information assistant in the OIP, performed an exhaustive search for any record indicating that Plaintiff had ever done so.  See id. at ¶¶ 1, 3-8.

Her search had three components.  First, Ms. Hairston searched for Plaintiff's name in Oracle, an electronic database that the OIP uses to track all FOIA appeals that concern DOJ components.  See id. at ¶ 3.[2]  Ms. Hairston searched in Oracle using the following search terms: Bonaparte, Gregory; along with each individual request number and the relevant component: EOUSA.  See id. at ¶ 3.  Because of the way OIP logs information into the Oracle database, these search terms should have retrieved any appeals filed by Mr. Bonaparte if they in fact were sent to and received by OIP.  See id. at ¶ 3.  Ms. Hairston did not find any indication in the Oracle system that Gregory Bonaparte has ever filed an appeal with OIP concerning FOIA request

---

[2]  The Oracle database contains information about: the dates on FOIA appeal letters submitted to the OIP as well as the date of receipt; the requester's name; the subject matter of the request's FOIA request; the FOIA request number; the name of the actual component whose FOIA response a requester is appealing; the date of OIP's determination; and what OIP's determination was.  See id. at ¶ 4.  OIP's policy is to log all incoming FOIA appeals concerning DOJ components into the Oracle system, on a daily basis.  See id. at ¶ 4.

5

numbers 06-3440 and 06-3441, or any other FOIA appeal.  See id. at ¶ 4.

Second, Ms. Hairston searched on her computer's hard drive for any electronic copies of correspondence to Gregory Bonaparte, concerning FOIA request number 06-3440 and 06-3441, or any other FOIA appeal.  See id. at ¶ 5.  There was no such correspondence on her computer's hard drive.  See id. at ¶ 5.

Third, Ms. Hairston searched through a miscellaneous file of paper records which contains correspondence between FOIA requester's and OIP.  See id. at ¶ 6.  She found no correspondence in those files from Gregory Bonaparte concerning FOIA request numbers 06-3440 and 06-3441, or any other FOIA appeal.  See id. at ¶ 6.

After completing her search of the Oracle database, her computer's hard drive, and her miscellaneous paper files, she advised Mr. Boseker via e-mail on June 28, 2007 that her Office had not received any FOIA appeals from Mr. Bonaparte.  See id. at ¶ 8.

If the OIP had received an appeal from Gregory Bonaparte concerning FOIA request number 06-3440 and 06-3441 it would have been logged into the Oracle system, and a copy of the appeal and OIP's acknowledgment letter would have been promptly sent to EOUSA.  See id. at ¶ 7.

Had Mr. Bonaparte actually sent an appeal letter in February 2007 concerning FOIA request numbers 06-3440 and 06-3441, the OIP should have received it by now.  See id. at ¶ 8. Had OIP received such an appeal letter, the OIP would have sent Plaintiff an acknowledgment letter, assigning him a FOIA appeal number.  See id. at ¶ 8.

# III.  STANDARD OF REVIEW

## A.    Fed. R. Civ. P. 12(b)(1)

Plaintiff bears the burden of establishing subject matter jurisdiction.  See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Oppermann v. U.S., 2007 W.L. 1748920, *2 (D.D.C. 2007); A.N.S.W.E.R. Coalition v. Kempthorne, 2007 W.L. 1703431, *4 (D.D.C. 2007); Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F.Supp.2d 68, 72 (D.D.C. 2004); Rann v. Chao, 154 F. Supp.2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003).  A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  See, e.g., Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.  Applying these standards, the Court should dismiss Plaintiff's Complaint in its entirety.

## B.    Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  See, e.g., Termorio S.A. E.S.P. v. Electranta S.P., 2007 W.L. 1515069, *12 (D.C. Cir. 2007); Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1041 (D.C. Cir. 2003); Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989).  As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a

7

whole, which are designed to secure the just, speedy and inexpensive determination of every

action." See Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (emphasis added).

An agency satisfies the summary judgment requirements in a FOIA or Privacy Act case

by showing that "each document that falls within the class requested either has been produced, is

unidentifiable or is wholly exempt from the Act's inspection requirements." See Weisberg v.

U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980) (quoting National Cable Television

Ass'n v. FCC, 479 F. 2d 183, 186 (D.C. Cir. 1973)).  To meet its burden, the defendant may rely

on affidavits or declarations and other evidence by the agency which show that the documents are

exempt from disclosure.  Id.  Summary judgment may be awarded to an agency in a FOIA or

Privacy Act case solely on the basis of agency affidavits or declarations if the "affidavits are

'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of

the agency.'"  See, e.g., McGehee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir.

1983); Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir.1978).

Specifically, summary judgment is available to a defendant agency upon proof that it has

fully discharged its obligations under the FOIA and the Privacy Act.  See, e.g., Steinberg v. U.S.

Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994); Weisberg v. Dep't. of Justice, 745 F.2d 1476,

1485 (D.C. Cir. 1984); Weisberg v. U.S. Department of Justice, 705 F.2d 1344, 1350 (D.C. Cir.

1983); Miller v. U.S. Dept. of State, 779 F.2d 1378, 1382 (8th Cir. 1985).

The declarations in this matter were provided by individuals familiar with the steps taken

by the EOUSA and OIP in responding to Plaintiff's FOIA/Privacy Act request.  See Ex. 2,

Boseker Decl. ¶¶ 1-5 ; Ex. 3, Hairston Decl. ¶ 1.  Since Defendant's declarations demonstrate

that the EOUSA and OIP met their obligations under the FOIA and the Privacy Act, and the

pleadings and other filings show no genuine issue as to any material fact and the Defendant is

entitled to judgment as a matter of law, dismissal, or in the alternative, summary judgment

should be granted to the Defendant.

## IV.  ARGUMENT

### A.    Dismissal is Appropriate Because Plaintiff Failed to Exhaust His Administrative Remedies

It is well-established in administrative law "'that no one is entitled to judicial relief for a

supposed or threatened injury until the prescribed administrative remedy has been exhausted.'"

See McKart v. United States, 395 U.S. 185, 193 (1969) (internal citation omitted); see also

United States v. Tucker Truck Lines, 344 U.S. 33, 36-37 (1952) (observing that "orderly

procedure and good administration" as well as "[s]imple fairness to those who are engaged in the

tasks of administration, and to litigants" require that "objections to the proceedings of an

administrative agency be made while it has opportunity for correction in order to raise issues

reviewable by the courts").

Exhaustion of administrative remedies is required under the FOIA before a party can seek

judicial review.  See, e.g., Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C.

Cir. 1986) ("[a]s this court has recently had occasion to state in the clearest of language,

'[e]xhaustion of such [administrative] remedies is required under the Freedom of Information

Act before a party can seek judicial review'") (internal citations omitted); see also Stebbins v.

Nationwide Mutual Insurance Co., 757 F.2d 364, 366 (D.C. Cir.1984); Oglesby v. United States

Dep't of the Army, 920 F.2d 57, 61-62 (D.C. Cir. 1990) (noting that "[c]ourts have consistently

confirmed that the FOIA requires exhaustion of this appeal process before an individual may

9

seek relief in the courts."); <u>Crooker v. United States Secret Service</u>, 577 F.Supp.1218, 1219

(D.D.C. 1983).  The purpose of the exhaustion requirement is to give the agency "an opportunity

to exercise its discretion and expertise on the matter and to make a factual record to support its

decision," as well as to allow "the top managers of an agency to correct mistakes made at lower

levels and thereby obviate[] unnecessary judicial review."  <u>See</u> <u>Oglesby</u>, 920 F.2d at 61 (internal

citation omitted); <u>Greenberg v. U.S. Dept. of Treasury</u>, 10 F.Supp.2d 3, *22 (D.D.C. 1998.)

(same, further noting that "[t]he possibility that administrative review may obviate the need for

judicial review is particularly important in FOIA cases, because FOIA cases require district

judges to take time out of their busy schedules to 'acquire access to reams of paper, make

intensive review of that material, and reach document-specific conclusions.'") (internal citation

omitted).

A FOIA/Privacy Act requester is deemed to have failed to exhaust administrative

remedies whenever the requester fails to comply with the administrative procedures set forth

under the FOIA/Privacy Act, including:  (1) providing a request to the particular office identified

in the agency's FOIA/Privacy Act regulations, <u>Kessler v. United States</u>, 899 F. Supp. 644, 645

(D.D.C. 1995); (2) providing the agency the required proof of identity, <u>Summers v. United States</u>

<u>Dep't of Justice</u>, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (3) reasonably describing the records

sought, <u>Gillin v. I.R.S.</u>, 980 F.2d 819, 822-23 (1st Cir. 1992); (4) complying with fee

requirements, <u>Trueblood v. United States Dep't of Treasury</u>, 943 F. Supp. 64, 68 (D.D.C. 1996);

and (5) administratively appealing a denial of records, <u>Oglesby</u>, 920 F.2d at 61; <u>see also</u> 5 U.S.C.

§ 552(a)(3) (requests must be made "in accordance with [the agency's] published rules stating the

time, place, fees (if any), and procedures to be followed . . . ."); 28 C.F.R. §§ 16.1 *et. seq.* (DOJ's

10

FOIA regulations).

One of the steps in DOJ's FOIA administrative appeals process is the filing of an appeal with the OIP.  See 28 C.F.R. §§ 16.9(a) (instructing that "[i]f you are dissatisfied with a component's response to your request, you may appeal an adverse determination denying your request, in any respect, to the Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, DC 20530- 0001" and. that "[y]ou must make your appeal in writing and it must be received by the Office of Information and Privacy within 60 days of the date of the letter denying your request"), 16.9(c) (cautioning that "[i]f you wish to seek review by a court of any adverse determination, you must first appeal it under this section.").

Whenever a FOIA/Privacy Act plaintiff attempts to obtain judicial review without having first fully exhausted his or her administrative remedies, that plaintiff's lawsuit is subject to dismissal.  See  Oglesby 920 F.2d at 61; see also Hidalgo v. FBI, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (finding that "[b]ecause Hidalgo did not appeal the FBI's denial to the Office of Information and Privacy (OIP) of the United States Department of Justice (DOJ) as required under the DOJ regulations, we conclude Hidalgo failed to exhaust his administrative remedies and, accordingly, we vacate the district court's summary judgment and remand to the district court to dismiss the complaint for failure to exhaust"); Clemmons v. U.S. Dept. of Justice, 2007 W.L. 1020796, *5 (D.D.C. 2007) (ruling that "Plaintiff's claims under the FOIA fail because he never filed an appeal to the OIP as required to exhaust his administrative remedies").

As mentioned, in a November 15, 2006 letter, EOUSA provided Mr. Bonaparte with a full release of 2 pages of records concerning "[r]equest [n]umber: 06-3440" and the subject of "AUSA Kathy Peluso (Oath of Ofc.)/ Middle District of Florida."  See Ex. 2, Boseker Decl. ¶ 9

11

and Exhibit C.  The November 15, 2006 letter also advised Plaintiff of the fact "[t]his is the final

action on this . . . request" and that "[y]ou may appeal this decision on this request by writing

within 60 days from the date of this letter to the <u>Office of Information and Privacy, United States</u>

<u>Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001</u>."

<u>See</u> Ex. 2, Boseker Decl., Exhibit C (emphasis in original).

As has also been noted, in a letter dated November 15, 2006, EOUSA informed Plaintiff

that "[a] search for records located in the [USAO/MDFL] ha[d] revealed no responsive records

regarding" the "FOIA Request Number: 06-3441" whose subject was "AUSA Latour Lafferty

(Oath of Ofc./Appt)/Middle District of Florida" because "AUSA Lafferty is no longer employed

with this office [i.e., the USAO/MDFL]."  <u>See</u> Ex. 2, Boseker Decl. ¶ 12 and Exhibit E; <u>see also</u>

Compl.. ¶¶ 10-11, Exhibit A to Complaint.  The letter advised Plaintiff however that "[y]ou may

be able to obtain the records you seek by contacting the [National Personnel Records Center],"

and provided the address at which the National Personnel Records Center could be reached.  <u>See</u>

"  <u>See</u> Ex. 2, Boseker Decl. ¶ 12 and Exhibit E; <u>see also</u> Compl.. ¶¶ 12, Exhibit A to Complaint.

The November 15, 2006 letter also advised Plaintiff of the fact "[t]his is the final action on this . .

. request" and that "[y]ou may appeal this decision on this request by writing within 60 days from

the date of this letter to the <u>Office of Information and Privacy, United States Department of</u>

<u>Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001</u>."  <u>See</u> Ex. 2,

Boseker Decl., Exhibit E (emphasis in original).  The letter further explained that "[i]f you are

dissatisfied with the results of such administrative appeal, judicial review may <u>thereafter</u> be

available in U.S. District Court, 28 C.F.R. § 16.9."  <u>Id</u>. (emphasis added).

Plaintiff claims that the EOUSA's response to his FOIA request 06-3441 was actually

sent on December 26, 2006, not November 15, 2006.  See Compl. ¶¶ 10, 13.  In fact however, both the copy of that letter that Plaintiff has supplied as an exhibit and the copy which Defendant has attached to this brief bear a date of November 15, 2006 (although admittedly the date is easier to read in the case of Defendant's exhibit.) See Ex. 2, Boseker Decl., exhibit E; see also Compl., Attachment A.

The OIP has no record of having received an administrative appeal from Plaintiff and no further correspondence from Plaintiff has been received by the OIP in response to his request. There is no record of Plaintiff ever having filed an appeal of EOUSA's determinations concerning FOIA Request Nos. 06-3440 and 06-3441, with the OIP prior to seeking judicial review in this Court via this action.  See, e.g., Ex. 2, Boseker Decl. ¶¶ 10, 13-14; Ex. 3, Hairston Decl. ¶¶ 2-8.  Accordingly,  Plaintiff has not exhausted his administrative remedies because he failed to file an appeal with the OIP after receipt of the November 15, 2006 letters.

Plaintiff claims that he "appealed to the [OIP] on February 1, 2007."  See Compl. ¶¶ 17-18, 20.  As evidence in support of this claim, he has attached to his complaint what purports to be a copy of the letter he sent to the OIP.  See Compl., Exhibit B.  That letter is dated February 2, 2007, and is captioned 06-3441, although the letter complains about EOUSA's response to both of Plaintiff's FOIA requests.  Id.  Plaintiff has provided no evidence that he actually mailed the letter to the OIP on February 1, 2007, February 2, 2007, or on any other date.  Even if he did really mail the letter in February 2007, he still failed to comply with the sixty day requirement which was set forth both in the November 15, 2006 letters and in 28 C.F.R. §§ 16.9(a), as February 1, 2007 is more than sixty days after November 15, 2006.

13

Therefore, dismissal of Plaintiff's complaint is appropriate.  See Oglesby 920 F.2d at 61;

Hidalgo v. FBI, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003); Clemmons v. U.S. Dept. of Justice,

2007 W.L. 1020796, *5 (D.D.C. 2007); see also Teplitsky v. Dep't of Justice, 1997 W.L.

665705, at *1 (9th Cir. Oct. 24, 1997) (holding that plaintiff had not exhausted his administrative

remedies when he did not appeal denial of FOIA request even though agency notified him of

procedure); Fed. R. Civ. P. 12(b)(1).[3]

## B.    The EOUSA Conducted an Adequate Search

Even if Plaintiff is deemed to have exhausted his administrative remedies, the EOUSA

conducted an adequate search and produced the records that it had that were responsive to

Plaintiff's request.

In responding to a FOIA/Privacy Act request, an agency is under a duty to conduct a

reasonable search for responsive records: no more and no less.  See, e.g., Oglesby, 920 F.2d at

68; Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir.1986) (search is not presumed

unreasonable simply because it fails to produce all relevant material); Weisberg v. United States

Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir.1984); Weisberg v. United States

Department of Justice, 705 F.2d 1344, 1351-52 (D.C. Cir. 1983); Perry v. Block, 684 F.2d 121,

128 (D.C. Cir.1982) (agency need not demonstrate that all responsive documents were found and

that no other relevant documents could possibly exist); Weisberg v. United States Department of

---

[3]  Plaintiff also claims that he sent a letter to the National Personnel Records Center concerning
FOIA Request No. 06-3441 (AUSA Latour Rafferty), but has failed to receive a response from
them.  See Compl. ¶¶ 15-16.  This portion of Plaintiff's complaint should be dismissed for failure
to join a necessary party, as the National Personnel Records Center is not a part of EOUSA or
DOJ.  See Fed. R. Civ. P. 12(b)(7).

Justice, 627 F.2d 365, 371 (D.C. Cir. 1980); Marks v. United States Department of Justice, 578

F.2d 261, 263 (9th Cir. 1978) (no requirement that an agency search every division or field office

on its own initiative in response to a FOIA request when the agency believes responsive

documents are likely to be located in one place); Cleary, Gottlieb, Steen & Hamilton v. Dept. of

Health and Human Services, 844 F. Supp. 770, 776 (D.D.C. 1993).  The adequacy of a search is

necessarily "'dependent upon the circumstances of the case.'"  See, e.g., Truitt v. Department of

State, 897 F.2d 540, 542 (D.C. Cir. 1990); Weisberg v. Department of Justice, 705 F. 2d at 1351;

Kronberg v. Department of Justice, 875 F. Supp. 861, 869 (D.D.C. 1995).  "[A] search need not

be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light

of the specific request." See Meeropol, 790 F.2d at 956.

Indeed, an agency is not required to search every record system, but need only search

those systems in which it believes responsive records are likely to be located.  See, e.g., Oglesby,

920 F.2d at 68.  Additionally, the search standards under the FOIA and the Privacy Act do not

place upon the agency a requirement that it prove that all responsive documents have been

located.  See Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892, n.7 (D.C. Cir. 1995);

Perry, 684 F.2d at 128 .  Even when a requested document indisputably exists or once existed,

summary judgment will not be defeated by an unsuccessful search for the document so long as

the search was diligent.  See id. Additionally, the mere fact that a document once existed does

not mean that it now exists; nor does the fact that an agency created a document necessarily

imply that the agency has retained it.  See, e.g., Maynard v. CIA, 986 F.2d 547, 564 (1st Cir.

1993).

The burden rests with the agency to establish that it has "made a good faith effort to

conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." See, e.g., Baker & Hostetler LLP v. U.S. Dept. of Commerce, 473 F.3d 312, 318 (D.C. Cir. 2006); Oglesby, 920 F.2d at 68. "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." See Miller, 779 F.2d at 1383; Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1987). Once the agency has proffered such evidence, i.e., a legally-sufficient affidavit, the burden then shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. See Miller, 779 F.2d at 1383. It is insufficient, however, for a requester to attempt to rebut the agency affidavit with purely speculative claims. See Carney v. U.S. Department of Justice, 19 F.3d 807, 813 (2d Cir. 1994); SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1200 (D.C. Cir. 1991) (explaining that "[a]gency affidavits are accorded a presumption of good faith, which cannot be rebutted by "purely speculative claims about the existence and discoverability of other documents"); Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir.1981)

The Boseker declaration demonstrates through detailed, non-conclusory averments that, in this case, the EOUSA and USAO/MDFL engaged in a "good faith effort to conduct a search for the requested records, using methods which [were] reasonably expected to produce the information requested." Oglesby, 920 F. 2d at 68. The declaration describes in detail the type of search that was conducted to locate documents responsive to Plaintiff's request. See Ex. 2, Boseker Decl. ¶¶ 6-12, 15. Accordingly, because the EOUSA conducted a reasonable search of files in which responsive documents were likely to be found, the EOUSA search was adequate. This action should be dismissed on this basis.

16

### V.  CONCLUSION

Plaintiff cannot establish any violation of the FOIA or the Privacy Act.  Plaintiff did not

file an administrative appeal, thus Plaintiff failed to exhaust his administrative remedies.

Moreover, Defendant conducted a reasonable search, and turned over what documents it had that

were responsive to Plaintiff's request.  No more is required.

WHEREFORE, Defendant respectfully submits that the Court lacks jurisdiction in this

lawsuit and that dismissal is appropriate.


Respectfully submitted,


__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)


17

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREGORY BONAPARTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07–0749 (HHK) |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Rule 7(h), Defendant submits this statement of material facts to which there is no genuine issue:

1.  Plaintiff Gregory Bonaparte, Federal Register No. 22786-018, is a federal inmate who is currently housed at the Federal Correctional Institution in Loretto, Pennsylvania.  See Compl. ¶ 2; Search Results on BOP Inmate Locator for "Gregory Bonaparte," available at http://bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&LastName=bonaparte&Middle=&FirstName=gregory&Race=U&Sex=U&Age=&x=0&y=0; see also Exhibit 1, Public Information Inmate Data for Plaintiff at 001.

2.  On April 28, 1999, Plaintiff was sentenced in the United States District Court for the Middle District of Florida to a sentence of 360 months, followed by 5 years supervised release, for the offense of "Distribution of Cocaine Base."  See Ex. 1, Public Information Inmate Data for Plaintiff, at 003.  Plaintiff has a projected release date of July 17, 2024.  Id. at 003.

3.  By letter to the EOUSA, dated April 26, 2006, and received by the EOUSA on May 9,

2006, Plaintiff submitted a request for information under the FOIA and Privacy Act.  See Ex. 2,

Declaration of John F. Boseker ("Boseker Decl.") ¶ 6 and Exhibit A to Boseker Decl.; see also

Complaint ("Compl.") ¶ 5.  Plaintiff's FOIA/Privacy Act request was for "the letter of

appointment and oath of office" of "Latour Lafferty, Assistant United States Attorney for the

Middle District of Florida" and "Kathy J.M. Peluso, Appellate Counsel for the Eleventh Circuit

Court of Appeals."  Id.; see also Compl. ¶ 6.  At the bottom of this request, Plaintiff included a

handwritten note in which he stated that "[a]s you are aware[,] per statute you have 20 days to

respond to the above request" and further that "[i]f[,] for whatever reason[,] you're unable to

respond please inform me of name and a date specific as to when this matter will be resolved."

See Ex. 2, Exhibit A.

     4.  EOUSA assigned two file numbers to each subject matter request in the letter, to

reflect the separate and distinct searches which would need to be performed in the U.S.

Attorney's Office for the Middle District of Florida ("USAO/MDFL").  See Ex. 2, Boseker Decl.

¶ 7.

     5.  By letter dated October 23, 2006, EOUSA notified Plaintiff, in relevant part, that it

had received his FOIA/Privacy Act request and that the portion of that request which concerned

Kathy Peluso's Oath and Appointment in the USAO/MDFL had been assigned the FOIA Request

Number 06-3440. See Ex. 2, Boseker Decl. ¶ 8 and Exhibit B; see also Compl. ¶¶ 7-9.

     5.  On November 15, 2006, EOUSA provided Mr. Bonaparte with a full release of 2

pages of records concerning "[r]equest [n]umber: 06-3440" and the subject of "AUSA Kathy

Peluso (Oath of Ofc.)/ Middle District of Florida."  See Ex. 2, Boseker Decl. ¶ 9 and Exhibit C.

These documents had been located by the FOIA contact for the USAO/MDFL and forwarded to

the EOUSA for processing.  Id.  No records were withheld from disclosure.  Id.

6.  The November 15, 2006 letter also advised Plaintiff of the fact "[t]his is the final

action on this . . . request" and that "[y]ou may appeal this decision on this request by writing

within 60 days from the date of this letter to the Office of Information and Privacy, United States

Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001."

See Ex. 2, Boseker Decl., Exhibit C (emphasis in original).  The letter further explained that "[i]f

you are dissatisfied with the results of such administrative appeal, judicial review may thereafter

be available in U.S. District Court, 28 C.F.R. § 16.9."  Id. (emphasis added).

7.  By letter dated October 23, 2006, EOUSA notified Plaintiff, in relevant part, that it

had received his FOIA/Privacy Act request and that the portion of that request which concerned

Assistant United States Attorney Latour Lafferty had been assigned the FOIA Request Number

06-3441. See Ex. 2, Boseker Decl. ¶ 11 and Exhibit D; see also Compl. ¶¶ 7-9.  Although the

letter referred to an AUSA Latour "Rafferty," this was an inadvertent mistake, the letter clearly

concerned Assistant United States Latour Lafferty, who had been one of the two subjects of

original request and search.  See Ex. 2, Boseker Decl. ¶ 11 and Exhibit D.

8.  By letter dated November 15, 2006, EOUSA informed Plaintiff that "[a] search for

records located in the [USAO/MDFL] ha[d] revealed no responsive records regarding" the

"FOIA Request Number: 06-3441" whose subject was "AUSA Latour Lafferty (Oath of

Ofc./Appt)/Middle District of Florida" because "AUSA Lafferty is no longer employed with this

office [i.e., the USAO/MDFL]."  See Ex. 2, Boseker Decl. ¶ 12 and Exhibit E; see also Compl..

¶¶ 10-11, Exhibit A to Complaint.

9.  The letter advised Plaintiff however that "[y]ou may be able to obtain the records you

3

seek by contacting the [National Personnel Records Center]," and provided the address at which

the National Personnel Records Center could be reached.  See Ex. 2, Boseker Decl. ¶ 12 and

Exhibit E; see also Compl.. ¶¶ 12, Exhibit A to Complaint.  The November 15, 2006 letter also

advised Plaintiff of the fact "[t]his is the final action on this . . . request" and that "[y]ou may

appeal this decision on this request by writing within 60 days from the date of this letter to the

Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue,

Suite 11050, Washington, D.C. 20530-0001."  See Ex. 2, Boseker Decl., Exhibit E (emphasis in

original).  The letter further explained that "[i]f you are dissatisfied with the results of such

administrative appeal, judicial review may thereafter be available in U.S. District Court, 28

C.F.R. § 16.9."  Id. (emphasis added).

     10.  There is no record of Plaintiff ever having filed an appeal of EOUSA's

determinations concerning FOIA Request Nos. 06-3440 and 06-3441, with the Office of

Information and Privacy ("OIP") prior to seeking judicial review in this Court via this action.

See Ex. 2, Boseker Decl. ¶¶ 10, 13-14; Ex. 3, Declaration of Chiquita J. Hairston ("Hairston

Decl.") ¶¶ 2-8.

     11.  On June 28, 2007, John Boseker of EOUSA asked the OIP to double check whether

Plaintiff had ever submitted any appeals to the OIP, from the action of the Executive Office for

United States Attorneys, related to FOIA Nos. 06-3440 and 06-3441.  See Ex. 3, Hairston Decl.

¶¶ 1-2.  On that day, Chiquita J. Hairston, an information assistant in the OIP, performed an

exhaustive search for any record indicating that Plaintiff had ever done so.  See id. at ¶¶ 1, 3-8.

     12.  Her search had three components.  First, Ms. Hairston searched for Plaintiff's name

in Oracle, an electronic database that the OIP uses to track all FOIA appeals that concern DOJ

components.  See id. at ¶ 3.

13.  The Oracle database contains information about: the dates on FOIA appeal letters submitted to the OIP as well as the date of receipt; the requester's name; the subject matter of the request's FOIA request; the FOIA request number; the name of the actual component whose FOIA response a requester is appealing; the date of OIP's determination; and what OIP's determination was.  See id. at ¶ 4.  OIP's policy is to log all incoming FOIA appeals concerning DOJ components into the Oracle system, on a daily basis.  See id. at ¶ 4.

14.  Ms. Hairston searched in Oracle using the following search terms: Bonaparte, Gregory; along with each individual request number and the relevant component: EOUSA.  See id. at ¶ 3.  Because of the way OIP logs information into the Oracle database, these search terms should have retrieved any appeals filed by Mr. Bonaparte if they in fact were sent to and received by OIP.  See id. at ¶ 3.  Ms. Hairston did not find any indication in the Oracle system that Gregory Bonaparte has ever filed an appeal with OIP concerning FOIA request numbers 06-3440 and 06-3441, or any other FOIA appeal.  See id. at ¶ 4.

15.  Second, Ms. Hairston searched on her computer's hard drive for any electronic copies of correspondence to Gregory Bonaparte, concerning FOIA request number 06-3440 and 06-3441, or any other FOIA appeal.  See id. at ¶ 5.  There was no such correspondence on her computer's hard drive. See id. at ¶ 5.

16.  Third, Ms. Hairston searched through a miscellaneous file of paper records which contains correspondence between FOIA requester's and OIP.  See id. at ¶ 6.  She found no correspondence in those files from Gregory Bonaparte concerning FOIA request numbers 06-3440 and 06-3441, or any other FOIA appeal.  See id. at ¶ 6.

5

17.  After completing her search of the Oracle database, her computer's hard drive, and her miscellaneous paper files, she advised Mr. Boseker via e-mail on June 28, 2007 that her Office had <u>not</u> received any FOIA appeals from Mr. Bonaparte.  <u>See</u> <u>id.</u> at ¶ 8.

18.  If OIP had received an appeal from Gregory Bonaparte concerning FOIA request number 06-3440 and 06-3441 it would have been logged into the Oracle system, and a copy of the appeal and OIP's acknowledgment letter would have been propmptly sent to EOUSA.  <u>See</u> <u>id.</u> at ¶ 7.

19.  Had Mr. Bonaparte actually sent an appeal letter in February 2007 concerning FOIA request numbers 06-3440 and 06-3441, OIP should have received it by now.  <u>See</u> <u>id.</u> at ¶ 8.  Had OIP received such an appeal letter, OIP would have sent Plaintiff an acknowledgment letter, assigning him an FOIA appeal number.  <u>See</u> <u>id.</u> at ¶ 8.


Respectfully submitted,


___/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


___/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

___/s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of June, 2007, I caused the foregoing

Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, Defendant's

Memorandum in Support of its Motion to Dismiss, or in the Alternative for Summary Judgment,

and Defendant's Statement of Material Facts Not in Dispute, to be served on Plaintiff, pro se, by

first-class mail, postage prepaid, addressed as follows:

> Gregory Bonaparte
> R 22786-018
> Loretto Federal Correctional Institution
> Inmate Mail/Parcels
> P.O. Box 1000
> Loretto, PA 15940

>                          ___/s/_____
>                          JONATHAN C. BRUMER, D. C. BAR # 463328
>                          Special Assistant United States Attorney
>                          Judiciary Center Building
>                          555 Fourth Street, N.W., Room E4815
>                          Washington, D.C. 20530
>                          (202) 514-7431
>                          (202) 514-8780 (facsimile)

# EXHIBIT 1

```
  LORA6          *        PUBLIC INFORMATION        *     06-28-2007
PAGE 001         *          INMATE DATA             *     14:21:26
                          AS OF 06-28-2007

REGNO..: 22786-018 NAME: BONAPARTE, GREGORY

                 RESP OF: LOR
                 PHONE..: 814-472-4140    FAX: 814-472-6046
                                          RACE/SEX...: BLACK / MALE
FBI NUMBER.: 89837MA7                     DOB/AGE....: 06-30-1975 / 31
PROJ REL MT: GOOD CONDUCT TIME RELEASE    PAR ELIG DT: N/A
PROJ REL DT: 07-17-2024                   PAR HEAR DT:
------------------------- ADMIT/RELEASE HISTORY ----------------------------
FCL    ASSIGNMENT DESCRIPTION               START DATE/TIME STOP  DATE/TIME
LOR    A-DES      DESIGNATED, AT ASSIGNED FACIL 06-15-2006 0835 CURRENT
S42    RELEASE    RELEASED FROM IN-TRANSIT FACL 06-15-2006 0835 06-15-2006 0835
S42    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-15-2006 0549 06-15-2006 0835
LEW    HLD REMOVE HOLDOVER REMOVED            06-15-2006 0549 06-15-2006 0549
LEW    A-BOP HLD  HOLDOVER FOR INST TO INST TRF 06-12-2006 1903 06-15-2006 0549
A01    RELEASE    RELEASED FROM IN-TRANSIT FACL 06-12-2006 1903 06-12-2006 1903
A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-12-2006 1335 06-12-2006 1903
ATL    HLD REMOVE HOLDOVER REMOVED            06-12-2006 1335 06-12-2006 1335
ATL    A-BOP HLD  HOLDOVER FOR INST TO INST TRF 05-30-2006 1719 06-12-2006 1335
A01    RELEASE    RELEASED FROM IN-TRANSIT FACL 05-30-2006 1719 05-30-2006 1719
A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-30-2006 0926 05-30-2006 1719
TAL    HLD REMOVE HOLDOVER REMOVED            05-30-2006 0926 05-30-2006 0926
TAL    A-BOP HLD  HOLDOVER FOR INST TO INST TRF 05-26-2006 0919 05-30-2006 0926
B16    RELEASE    RELEASED FROM IN-TRANSIT FACL 05-26-2006 0919 05-26-2006 0919
B16    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-26-2006 0729 05-26-2006 0919
JES    TRANSFER   TRANSFER                      05-26-2006 0729 05-26-2006 0729
JES    A-DES      DESIGNATED, AT ASSIGNED FACIL 08-17-2001 1000 05-26-2006 0729
B16    RELEASE    RELEASED FROM IN-TRANSIT FACL 08-17-2001 1000 08-17-2001 1000
B16    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-17-2001 0501 08-17-2001 1000
TAL    HLD REMOVE HOLDOVER REMOVED            08-17-2001 0501 08-17-2001 0501
TAL    A-BOP HLD  HOLDOVER FOR INST TO INST TRF 08-02-2001 1652 08-17-2001 0501
B16    RELEASE    RELEASED FROM IN-TRANSIT FACL 08-02-2001 1652 08-02-2001 1652
B16    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-02-2001 1337 08-02-2001 1652
ATL    HLD REMOVE HOLDOVER REMOVED            08-02-2001 1337 08-02-2001 1337
ATL    A-HLD      HOLDOVER, TEMPORARILY HOUSED  07-19-2001 1748 08-02-2001 1337
B03    RELEASE    RELEASED FROM IN-TRANSIT FACL 07-19-2001 1748 07-19-2001 1748
B03    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-19-2001 1130 07-19-2001 1748
EDG    TRANSFER   TRANSFER                      07-19-2001 1130 07-19-2001 1130
EDG    A-DES      DESIGNATED, AT ASSIGNED FACIL 06-22-1999 1014 07-19-2001 1130
S27    RELEASE    RELEASED FROM IN-TRANSIT FACL 06-22-1999 1014 06-22-1999 1014
S27    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-22-1999 0737 06-22-1999 1014
ATL    HLD REMOVE HOLDOVER REMOVED            06-22-1999 0737 06-22-1999 0737
ATL    A-HLD      HOLDOVER, TEMPORARILY HOUSED  06-02-1999 1825 06-22-1999 0737
1-W    RELEASE    RELEASED FROM IN-TRANSIT FACL 06-02-1999 1825 06-02-1999 1825
1-W    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-15-1999 1756 06-02-1999 1825
COR    ADMIN REL  ADMINISTRATIVE RELEASE        05-15-1999 1756 05-15-1999 1756


G0002      MORE PAGES TO FOLLOW . . .
```

```
   LORA6          *        PUBLIC INFORMATION        *      06-28-2007
 PAGE 002         *           INMATE DATA            *      14:21:26
                              AS OF 06-28-2007

REGNO..: 22786-018 NAME: BONAPARTE, GREGORY

                    RESP OF: LOR / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 814-472-4140   FAX: 814-472-6046
COR    A-ADMIN     ADMINISTRATIVE ADMISSION     05-15-1999 1753 05-15-1999 1756
COR    UNCOMT RMV  UNCOMMITTED CASE REMOVED      01-06-1999 0902 05-15-1999 1753
COR    A-ADMIN     ADMINISTRATIVE ADMISSION      01-06-1999 0900 01-06-1999 0902
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

```
  LORA6          *          PUBLIC INFORMATION          *     06-28-2007
PAGE 003         *             INMATE DATA              *     14:21:26
                                AS OF 06-28-2007

REGNO..: 22786-018 NAME: BONAPARTE, GREGORY

                RESP OF: LOR / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 814-472-4140   FAX: 814-472-6046
PRE-RELEASE PREPARATION DATE: 01-17-2024

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-17-2024 VIA GCT REL

--------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION..........: FLORIDA, MIDDLE DISTRICT
DOCKET NUMBER..................: 98-CR-278-T-24
JUDGE..........................: COHILL, JR
DATE SENTENCED/PROBATION IMPOSED: 04-28-1999
DATE COMMITTED.................: 06-22-1999
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

               FELONY ASSESS  MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

---------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  381
OFF/CHG: 21:841(A)(1) DISTRIBUTION OF COCAINE BASE.

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   360 MONTHS
  TERM OF SUPERVISION............:     5 YEARS
  DATE OF OFFENSE................: 05-29-1998




G0002        MORE PAGES TO FOLLOW . . .
```

```
    LORA6         *              PUBLIC INFORMATION           *      06-28-2007
 PAGE 004 OF 004 *                INMATE DATA                 *      14:21:26
                                 AS OF 06-28-2007
```

REGNO..: 22786-018 NAME: BONAPARTE, GREGORY

```
                   RESP OF: LOR / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 814-472-4140    FAX: 814-472-6046
-------------------------CURRENT COMPUTATION NO: 010 -------------------------
```

COMPUTATION 010 WAS LAST UPDATED ON 07-02-1999 AT EDG AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 04-28-1999
TOTAL TERM IN EFFECT............:  360 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   30 YEARS
EARLIEST DATE OF OFFENSE........: 05-29-1998
```

```
JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    05-29-1998     04-27-1999
```

```
TOTAL PRIOR CREDIT TIME.........: 334
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1411
TOTAL GCT EARNED................: 486
STATUTORY RELEASE DATE PROJECTED: 07-17-2024
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 05-28-2028
```

```
PROJECTED SATISFACTION DATE.....: 07-17-2024
PROJECTED SATISFACTION METHOD...: GCT REL
```

G0000        TRANSACTION SUCCESSFULLY COMPLETED

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY BONAPARATE,                    )
                        Plaintiff,     )
                                       )
            v.                         )       Civ. No.1: 07-00749 (HHK)
                                       )
UNITED STATES DEPARTMENT OF            )
        JUSTICE,                       )
                        Defendant.     )
_____)

## DECLARATION OF JOHN F. BOSEKER

I, John F. Boseker, declare the following to be a true and correct statement of facts:

1)      I am an Attorney Advisor in the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice ("DOJ").  I am specifically assigned to the

component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5

U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C.§552a(1988).

2)      Due to the nature of my official duties, I am personally familiar with the FOIA/PA

requests made to EOUSA by Mr. Bonaparte, which form the basis for this litigation.

3)      My official duties include: having the authority to make final disclosure

determinations on records requested by an individual using the FOIA/PA, to assure compliance

with the provisions of the FOIA and PA and DOJ Regulation 28 CFR§16.3 et seq., and §16.40 et

seq., as well as to defend EOUSA's position in litigating challenges to EOUSA's actions.

4)      My official duties also include: acting as liaison between EOUSA and the

components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought

from EOUSA and /or the 94 U.S. Attorneys offices ("USAO's"); reviewing request-related

correspondence; reviewing searches performed in response to requests; and reviewing responses made to those requests.

5)      The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

## BACKGROUND

**FOIA Nos. 06-3440 & 06-3441**

6)      On May 9, 2006 EOUSA received a letter dated April 26, 2006 from Mr. Bonaparte. This letter sought appointment letters and oaths of office Latour Lafferty, Assistant U.S. Attorney for the Middle District of Florida, and Kathy Peluso, Appellate Counsel for the 11th Circuit U.S. Court of Appeals. **Exhibit A attached.**

7)      EOUSA assigned two file numbers to each subject matter requested in the letter to reflect the separate and distinct searches to be performed in the U.S. Attorneys Office for the Middle District of Florida (USAO/MDFL) in response Mr. Bonaparte's requests.

**FOIA No. 06-3440 [AUSA Kathy Peluso]**

8)      By letter dated October 23, 2006  EOUSA notified  Mr. Bonaparte, in relevant part, that his letter had been received May 9, 2007 and assigned FOIA No.06-3440 respecting his request for records on Kathy Peluso. **Exhibit B attached.**

9)      By letter dated November 15, 2006, EOUSA provided Mr. Bonaparte with a full release of 2 pages of records located by the FOIA contact for the USAO/MDFL and forwarded to EOUSA for processing.  No records were withheld from disclosure. This letter also notified Mr. Bonaparte of his right to appeal this determination to the Office of Information and Privacy (OIP) within 60 days. **Exhibit C attached**

10)    Mr. Bonaparte filed no appeal of this determination prior to seeking judicial review via the above-captioned action

**FOIA No. 06-3441 [AUSA Latour Lafferty].**

11)    By letter dated October 23, 2006, EOUSA notified Mr. Bonaparte, in relevant part, that his letter had been received May 9, 2007, and assigned FOIA No. 06-3441 respecting his request for records on Latour Lafferty. **Exhibit D attached.** [Note: this letter reads "Rafferty" instead of Lafferty, though the latter name was the subject of both the request and the search.]

12)    By letter dated November 15, 2006, EOUSA notified Mr. Bonaparte that a search had been performed in the USAO/MDFL for the requested material and that no records had been located because AUSA Lafferty was no longer employed by the USAO/MDFL.  This letter further provided an address to which Mr. Bonaparte could direct another request (i.e., National Personnel Records Center ) and notified him of his right to appeal this determination within 60 days to OIP. **Exhibit E attached.**

13)    Mr. Bonaparte filed no appeal of this determination prior to commencing the above captioned action..

14)    As neither of the above determinations was appealed to OIP prior to commencing judicial review,  Mr. Bonaparte has failed to exhaust his administrative remedies.

15)    Each step in the handling of Mr. Bonaparte's requests was entirely consistent with the EOUSA and the USAO's procedures adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _June 7_ , 2007.

JOHN F. BOSEKER

Attorney Advisor, EOUSA

# Exhibit A

(Declaration of John F. Boseker)

FREEDOM OF INFORMATION/PRIVACY ACT REQUEST

TO:  Executive Office for United States Attorneys
     Freedom of Information
     600 E. Street, N.W. Room 7300
     Washington, D.C. 20530

        Pursuant to Title 5, United States Code, Section 552,
552(A), I the undersigned, identified as above, respectfully
request the following information from your Department concerning
the letter of appointment and oath of office of Assistant United
States Attorneys named hereinafter:

     1).  Latour Lafferty, Assistant United States Attorney
                    For the Middle District Court of
                    Florida

     2).  Kathy J. M. Peluso, Appellate Counsel for the Eleventh
                    Circuit United States Court of
                    Appeals

        If for any reason(s) any of the above described information
or material is deemed to be non-releasable, please specify the
statutory and regulatory reason(s) and the name and title of the
person(s) making such decisions.

                              Respectfully Submitted,

State of Georgia        )
                        )
COUNTY OF WAYNE         )        Gregory Bonaparte

        Sworn and subscribed before me this 26th day of April 2006.

        The above named requester appeared before me and he is who
he claims to be.

_____        C. Caughlin, CASE MANAGER
Notary                           AUTHORIZED BY THE ACT OF
                                 JULY 27, 1955 TO ADMINISTER
My Commission expires_____ OATHS (18 USC 4004)

AS YOU ARE AWARE PER STATUTE YOU HAVE 20 DAYS TO RESPOND TO THE
ABOVE REQUEST. IF FOR WHATEVER REASON YOU'RE UNABLE TO RESPOND
PLEASE INFORMED ME OF SAME AND A DATE SPECIFIC AS TO
WHEN THIS MATTER WILL BE RESOLVED.



GOVERNMENT EXHIBIT

# Exhibit B

(Declaration of John F. Boseker)


**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

OCT 23 2006

Request Number: _α - 3440_          Requester: _GREGORY BONAPARTA_

Subject: _AUSA KATHY PELUSO (OATH/APPT.) - MIDDLE DIST. OF FLORIDA_

     The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

     Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

     EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

     By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

                                  Sincerely,

                                   *William G. Stewart*

FILE

                                 William G. Stewart II
                                 Acting Assistant Director

                                       Form No. 001 -1/06



GOVERNMENT EXHIBIT

# Exhibit C

(Declaration of John F. Boseker)



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: Gregory Bonaparte        Request Number: 06-3440

Subject of Request: AUSA Kathy Peluso (Oath of Ofc.) / Middle District of Florida

NOV 1 5 2006

Dear Requester:

     Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' offices. To provide the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

     All of the records you seek are being made available to you. We have processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.

     **If you are alleging that the Department of Justice must be bonded and/or secured before initiating prosecution, please be informed that the Department of Justice does not "take out" nor "issue" bonds and/or securities when it investigates and prosecutes alleged violators of federal criminal law.**

     This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001** . Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director



# Exhibit D

(Declaration of John F. Boseker)

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C.  20530*
*202-616-6757  Fax 202-616-6478*

OCT 23 2006

Request Number: _α – 3441_      Requester: _GREGORY BONAPARTE_

Subject: _AUSA LATOUR RAFFERTY COATH (APPT.) – MIDDLE DIST. OF FLORIDA_

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request.  It has been assigned the above number. <u>Please give us this number if you write about your request.</u>  If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request).  Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process.  Requests for "all information about myself in criminal case files" are usually Project Requests.  If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver.  Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you.  Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free.  <u>Please do not send any payment at this time!</u>  If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees.  After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you.  Without such payment, your request file will be closed without further action.

                          Sincerely,

                          William G. Stewart II
                          Acting Assistant Director

FILE

Form No. 001 –1/06



# Exhibit E

(Declaration of John F. Boseker)



**U.S. Departmer    f Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 06-3441      Date of Receipt: May 9, 2006

Requester: Gregory Bonaparte

Subject: AUSA Latour Lafferty (Oath of Ofc/Appt.) / Middle District of Florida

Dear Requester:                                                    NOV 1 5 2006

    In response to your Freedom of Information Act and/or Privacy Act request, the
paragraph(s) checked below apply:

1.    [  ]    A search for records located in EOUSA - ___ has revealed no responsive records regarding
            the above subject.

2.    [ X ]    A search for records located in the United States Attorney's Office(s) for the Middle
District of Florida has revealed no responsive records regarding the above subject. **AUSA Latour
Lafferty is no longer employed with this office. You may be able to obtain the records you
seek by contacting the NPRC at the address below:**

                **National Personnel Records Center**
                **111 Winnebago Street**
                **St. Louis, MO 63118**

3.    [  ]    After an extensive search, the records which you have requested cannot be located.

4.    [  ]    Your records have been destroyed pursuant to Department of Justice guidelines.

5.    [  ]    Please note that your original letter was split into separate files ("requests"), for processing
            purposes, based on the nature of what you sought. Each file was given a separate Request
            Number (listed below), for which you will receive a separate response:

        **If you are alleging that the Department of Justice must be bonded and/or secured
before initiating prosecution, please be informed that the Department of Justice does not "take out"
nor "issue" bonds and/or securities when it investigates and prosecutes alleged violators of federal
criminal law.**

    This is the final action on this above-numbered request. You may appeal this decision on this
request by writing within 60 days from the date of this letter to the **Office of Information and Privacy,
United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C.
20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with
the results of any such administrative appeal, judicial review may thereafter be available in U.S. District
Court, 28 C.F.R. §16.9.

                        Sincerely,

                        

                        William G. Stewart II
                        Acting Assistant Director

                                            Form No. 005 - 2/06

# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY BONAPARTE,        ) <br>        ) <br>      Plaintiff,     ) <br>        ) <br>     v.           ) <br>        ) <br> UNITED STATES DEPARTMENT OF  ) <br>  JUSTICE,        ) <br>        ) <br>      Defendant.    ) <br>        ) | Civil Action No. 07–0749 (HHK) |

### DECLARATION OF CHIQUITA J. HAIRSTON

I, Chiquita J. Hairston, declare the following to be a true and correct statement of facts:

1. I am an Information Assistant in the Office of Information and Privacy ("OIP"), United States Department of Justice. One of my responsibilities is answering inquiries regarding administrative appeals from actions taken by components of the Department of Justice under the Freedom of Information Act ("FOIA") and the Privacy Act of 1974.

2. On June 28, 2007, John Boseker of the Executive Office for United States Attorneys ("EOUSA") sent me an e-mail inquiring as to whether OIP had received any administrative appeals concerning Gregory Bonaparte. Specifically, John Boseker asked whether Gregory Bonaparte had submitted to OIP any appeals related to FOIA Nos. 06-3440 and 06-3441 from the action of the Executive Office for United States Attorneys.

3. After receiving Mr. Boseker's e-mail, I searched for the Gergory Bonaparte's name in Oracle, an electronic database that OIP uses to track all FOIA appeals that concern DOJ components. I searched Oracle using the following search terms: Bonaparte, Gregory; along with

each individual request number and component ("EOUSA"). Because of the way OIP logs

information into the Oracle database, these search terms should have retrieved any appeals filed

by Mr. Bonaparte if they in fact were sent to and received by OIP.

4. The Oracle database contains information about: the dates on FOIA appeal letters

submitted to OIP as well as the date of receipt; the requester's name, the subject matter of the

request's FOIA request; the FOIA request number; the name of the actual component whose

FOIA response a requester is appealing; the date of OIP's determination; and what OIP's

determination was. OIP's policy is to log all incoming FOIA appeals concerning DOJ

components into the Oracle system, on a daily basis. I did not find any indication in the Oracle

system that Gregory Bonaparte has ever filed an appeal with OIP concerning FOIA request

numbers 06-3440 and 06-3441, or any other FOIA appeal.

5. On June 28, 2007, I also searched on my computer's hard drive for any electronic

copies of correspondence to Gregory Bonaparte, concerning FOIA request number 06-3440 and

06-3441, or any other FOIA appeal. There was no such correspondence on my computer's hard

drive.

6. I keep a miscellaneous file of paper records which contains correspondence between

FOIA requester's and OIP. On June 28, 2007, I also searched through those paper records and

found no correspondence from Gregory Bonaparte concerning FOIA request numbers 06-3440

and 06-3441, or any other FOIA appeal.

7. If OIP had received an appeal from Gregory Bonaparte concerning FOIA request

number 06-3440 and 06-3441 it would have been logged into the Oracle system, and a copy of

the appeal and OIP's acknowledgment letter would have been promptly sent to EOUSA.

8. After completing my search of the Oracle database, my computer's hard drive, and my miscellaneous paper files, I advised Mr. Boseker via e-mail on June 28, 2007 that this Office has not received any FOIA appeals from Mr. Bonaparte. Had Mr. Bonaparte actually sent an appeal letter in February 2007 concerning FOIA request numbers 06-3440 and 06-3441, we should have received it by now. Had we received such an appeal letter, we would have sent Mr. Bonaparte an acknowledgment letter, assigning him an FOIA appeal number.

I declare under penalty of perjury that the foregoing is true and correct.

Chiquita J. Hairston
Information Assistant

Executed on: June 28, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GREGORY BONAPARTE,           ) | |
|                       ) | |

GREGORY BONAPARTE,        )

            Plaintiff,     )

            v.         )     Civil Action No. 07–0749 (HHK)

UNITED STATES DEPARTMENT OF   )
  JUSTICE,           )

          Defendant.   )

## <u>ORDER</u>

UPON CONSIDERATION of Defendant's Motion to Dismiss, or in the Alternative, for

Summary Judgment, Plaintiff's Opposition thereto, and the entire record herein, it is this _____

day of _____, 2007,

ORDERED that Defendant's Motion be and hereby is granted; and it is

FURTHER ORDERED that the above-captioned action should be, and hereby is

DISMISSED from the Court's docket, with prejudice.

_____
HENRY H. KENNEDY
United States District Court Judge

Copies of this order to:

Gregory Bonaparte
R 22786-018
Loretto Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Loretto, PA 15940

Jonathan C. Brumer
Special Assistant United States Attorney
United States Attorney's Office
  for the District of Columbia
555 Fourth Street, N.W., Room E-4815
Washington, D.C. 20530

2