UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED

GREGORY BONAPARTE,

AUG 1 0 2007

Civil Action No. 07-0749(HHK)

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO

## DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff, Gregory Bonaparte, pro se, hereby moves this Honorable Court, pursuant to Title 5 U.S.C. §552(a)(6)(C)(i)(ii) and Fed.R.Civ.P. Rule 19(a), to dismiss the Defendant's motion to dismiss, and in all other respects, dismiss Defendant's motion for summary judgment pursuant to Fed.R.Civ.P. Rule 56(e), because there are genuine issue for trial as to the material facts. In support to His motion, Plaintiff submits a Memorandum of Points and Authorities, a Statement of Material Facts in Dispute, and a Declaration by Him, Gregory Bonaparte, as Exhibit 1.

RESPECTFULLY SUBMITTED,

*Gregory Bonaparte*

Gregory Bonaparte, Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that I have this date mailed a copy of this under the pains and penalty of perjury [Title 28 U.S.C. § 1746] served a true and correct copy of the foregoing Motion in Opposition To Defendant's Motion To Dismiss or, in the alternative, for summary judgment and Memorandum of Points and Authorities, Statement of Material facts in Dispute, and Declaration by Him upon counsel of record as follows:[2]

> Jonathan Brumer
> Assistant U.S. Attorney
> District Of Columbia
> Judiciary Center, Civil Division
> 555 4th Street, N.W., Room E4815
> Washington, D.C. 20530

by placing the same in the United States mail, first class postage prepaid and properly affixed hereto.

DATED this __7th__ day of August, 2007.

BY: _GREGORY BONAPARTE_, pro se

USM #22786-018
FCI Loretto
Post Office Box 1000
Loretto, PA 15940

---

2   A prisoner's pro se pleading is deemed filed the date it is delivered to prison authorities for mailing. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

---

GREGORY BONAPARTE,

     Plaintiff,

                                Civil Action No. 07-0749 (HHK)

vs.

UNITED STATES DEPARTMENT OF JUSTICE,

     Defendant.

---

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTORITIES

## IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO

## DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

### I. INTRODUCTION

This cases arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and pertains to the processing of Plaintiff's FOIA/PRIVACY ACT request by the Executive Office for United States Attorneys ("EOUSA"), Office of Information and Privacy ("OIP"), United States Department of Justice ("DOJ"). Defendant's motion to dismiss, or in the alternative for summary judgment must be denied, because there is a dispute over facts that make a difference in Plaintiff's case. Moreover, dismissal is warranted because there are genuine issues of material facts that exist regarding Plaintiff's complaint.

### II. FACTUAL BACKGROUND

**A. Eousa's responses to FOIA Request No. 06-3440 (concerning AUSA Kathy J.M. Peluso)**

By letter dated October 23, 2006, the EOUSA notified Plaintiff, in relevant part, that it had received His FOIA/PRIVACY ACT Request and that

the portion of the request which concerned AUSA Kathy Peluso's Oath of Office and Letter of Appointment in the USAO/MDFL had been assigned the FOIA Request Number 06-3440. **SEE Ex. 2, Boseker Decl. ¶ 8, Exhibit B for the Defendant; see also Compl. ¶¶ 7-9.**

On November 15, 2006, the EOUSA had mailed a letter to FCI-Jesup in Jesup, Georgia containing 2 pages of records concerning "[r]equest [n]umber: 06-3440" the subject "AUSA Kathy J.M. Peluso (Oath of ofc.)/Middle District of Florida." **SEE Plaintiff's Oppos. Decl. ¶ 5, Exhibit A.** The letter was refused by FCI-Jesup and returned/mailed back to the EOUSA on December 19, 2006. **SEE Plaintiff's Oppos. Decl. ¶ 6, Exhibit A.** On December 22, 2006, the EOUSA remailed/mailed the November 15, letter directly to Plaintiff at FCI-Loretto in Loretto, Pennsylvania. **SEE Plaintiff's Oppos. Decl. ¶ 7, Exhibit A.** On December 26, 2006, Plaintiff received the November 15, stamped dated letter. **SEE Plaintiff's Oppos. Decl. ¶ 8, Exhibit B.** The EOUSA failed to provide Plaintiff with any (Letter of Appointment) records for "AUSA Kathy Peluso/Middle District of Florida" or explain its reasons for failure. **SEE Compl. ¶ 14; see also Ex. 2, Boseker Decl. ¶ 9, Exhibit C for Defendant.** The December 22, 2006 letter from the EOUSA also advised Plaintiff of the fact "[t]his is the final action on this ... request" and that "[y]ou may appeal this decision on this request by writing wihin 60 days from the **date of this letter** to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001." **SEE Ex. 2, Boseker Decl., Exhibit C for Defendant.** The letter further explained that "[i]f you are dissatisfied with the results of such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9."

**B. EOUSA's responses to FOIA Request No. 06-3441 (concerning AUSA Latour Ley Lafferty)**

By letter dated October 23, 2006, the EOUSA notified Plaintiff, in relevant part, that it had received His FOIA/PRIVACY ACT Request and that the portion of that request which concerned Assistant United States Attorney Latour Lafferty had been assigned the FOIA Request Number 06-3441. **See Compl. ¶¶ 7-9; see also Ex. 2, Boseker Decl. ¶ 11, Exhibit D for Defendant.** The letter referred to a AUSA Latour "Rafferty", that was in inadvertent mistake. **SEE Def's Mem. of Points and Aut., P. 7 of 28.** The letter clearly concerned Assistant United States Attorney Latour Lafferty, who had been one of the two subjects of the original request and search. **SEE Ex. 2, Boseker Decl. ¶ 11, Exhibit D for Defendant.**

On November 15, 2006, the EOUSA had mailed a letter to FCI-Jesup in Jesup, Georgia pertaining to "FOIA Request Number: 06-3441" whose subject was "AUSA Latour Lafferty (Oath of Office and Letter of Appointment)/ Middle District of Florida." **SEE Plaintiff's Oppos. Decl. ¶ 10, Exhibit A.** The letter was refused by FCI-Jesup and returned/mailed back to the EOUSA on December 19, 2006. **SEE Plaintiff's Oppos. Decl. ¶ 11, Exhibit A.** On December 22, 2006, the EOUSA remailed/mailed the November 15, 2006 letter directly to Plaintiff at FCI-Loretto in Loretto, Pennsylvania. **See Plaintiff's Oppos. Decl. ¶ 12, Exhibit A.** On December 26, 2006, Plaintiff received the November 15, stamped dated letter. **See Compl. ¶ 10, Exhibit A; see also Plaintiff's Oppos. Decl. ¶ 13, Exhibit B.** The letter informed Plaintiff that "[a] search for records located in the [USAO/MDFL] ha[d] revealed no responsive records regarding" the "AUSA Latour Lafferty is no longer employed with this office [i.e., the USAO/MDFL]." **SEE Ex. 2, Boseker Decl. ¶ 12, Exhibit E.** The letter also advised Plaintiff that "[y]ou may be able to obtain the records you seek by contacting the [National Personnel Records Center]," and provided Plaintiff with the address at which the National Personnel Records Center could be reached. **SEE Ex. 2, Boseker Decl. ¶ 12,**

3.

**Exhibit E.** Further, the December 22, 2006 letter by the EOUSA indicated to Plaintiff of the fact "[t]his is the final action on this ... request" and that "[y]ou may appeal this decision on this request by writing within 60 days from the **date of this letter** to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001." **See Ex. 2, Boseker Decl., Exhibit E.** Furthermore, the letter explained that "[i]f you are dissatisfied with the results of such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9."

**C. Plaintiff File a Appeal of EOUSA's Responses to FOIA Request Nos. 06-3440 and 06-3441 with the Office of Information and Privacy**

On February 2[1], 2007, Plaintiff delivered His Administrative Appeal for the Office of Information and Privacy to FCI-Loretto's Case Manager, C.Bodmerkal (designated to handle matters concerning Plaintiff's legal documents), to be stamped dated for the 2nd day of February, 2007. **See Plaintiff's Oppos. Decl. ¶ 20, Exhibit E; see also Compl. ¶ 17, Exhibit B.** Thereafter on February 2, 2007, Plaintiff delivered the Administrative Appeal letter to the prison mailroom (at "openhouse" between 11:15 a.m. to 12:15 p.m., time designated to mail legal documents from the institution) to be mailed to the Office of Information and Privacy. **See Plaintiff's Oppos. Decl. ¶ 20, Exhibit E; see also Compl. ¶ 17, Exhibit B.**

The OIP Agency did not respond to Plaintiff's Administrative Appeal. **See Plaintiff's Oppos. Decl. ¶ 21; see also Compl. ¶ 18.**

---

[1] As indicated in Defendant's Memorandum of Points and Authority to support motion to dismiss, ("[P]laintiff claims that he 'appealed to the [OIP] on February 1, 2007.' See Compl. ¶¶ 17-18,20.") **See Def's Mem. of Points and Authority, Mot. to Dismiss, P. 13.** Plaintiff submits that the February 1, 2007 date was a typographical error, the actual date of filing to the OIP should have been February 2, 2007, not February 1, 2007.

## III. STANDARD OF REVIEW

### A. FOIA Statutory Provisions and Related Case Law

FOIA provides, in part:

(a) Each agency shall make available to the public information as follows: . . . . .

(4)(B) On complaint, the district court ... has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. §552(a).

> "The burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records' or have not been 'improperly withheld.'" United States Department of Justice v. Tax Analysis, 492 U.S. 136, 142 n.3, 106 L.Ed.2d 112 (1989). "Agency Records" are defined to be materials that the agency either created or obtained and are in control of the agency at the time the FOIA Request is made. "Control" is defined to mean that the materials came into the agency's possession in the legitimate conduct of its official duties. Id. at 145, (district court opinions and orders filed in civil tax cases and contained in the case files of the Department of Justice Tax Division were agency records under FOIA).
>
> In addition, FOIA provides:
>
> (6)(A) Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall---
> (i) Determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and
> (ii) Make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.
> (C)(1) Any person making a request to any agency for records under paragraph (1),(2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this

paragraph. If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request . . . .

(ii) For purposes of this subparagraph, the term "exceptional circumstances" does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests.

(iii) Refusal by a person to reasonably modify the scope of a request of arrange an alternative time frame for processing a request (or a modified request) under clause (ii) after being given an opportunity to do so by the agency to whom the person made the request shall be considered as a factor in determining whether exceptional circumstances exist for purposes of this subparagraph.

Id. §552(a)(6)

Under these standards, the Court should dismiss Defendants motion under Fed.R.Civ.P. Rule 12(b)(1).

### B. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), Summary Judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogators, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." Mere allegations or denials of the moving party's pleadings are not enough to prevent issuance of summary judgment. The adverse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

The Supreme Court set forth the governing standards for issuance of summary judgment in Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), in which the Supreme Court recognized the need for summary judgment to the fair and efficient functioning or the justice system:

6.

> Summary Judgment procedure is properly regarded not as a
> disfavored procedural shortcut, but rather as an integral part
> of the Federal Rules as a whole, which are designed "to secure
> the just, speedy, and inexpensive determination of every
> action." Fed.R.Civ.Proc. 1....
> Rule 56 must be construed with due regard not only for the
> rights of persons asserting claims and defenses that are
> adequately based in fact to have those claims and defenses
> tried to a jury, but also for the rights of persons opposing
> such claims and defenses to demonstrate in the manner
> provided by the Rule, prior to trial, that the claims and
> defenses have no factual basis. Id. at 327, 106 S.Ct. at 2555.
> (Citation omitted).

(   The non-moving party, is "required to provided evidence that would permit a reasonable jury to find in its favor." Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987)(per curiam)(citing Celotex, supra. The moving party is entitled to summary judgment where "the non-moving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Celotex, 477 U.S. at 323, 106 S.Ct. at 2552. Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence. See Local Rule 108(h).

In resolving the summary judgment motion, all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the non-moving party. Anderson v. Liberty Lobby,Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202. The inferences, however, must be reasonable, and the non-moving party can only defeat a motion for summary judgment by responding with some factual showing to create a genuine issue of material fact. Harding v. Gray, 9 F.3d 150,154 (D.C.Cir. 1993).

Based on Plaintiff's declaration which demonstrates that the EOUSA and OIP did not meet their obligations under the FOIA, and the pleadings and other filings showing a genuine issue of material fact for trail, Defendant is

7.

not entitled to a judgment as a matter of law under Fed.R.Civ.P. Rule 56(c), and the Court should dismiss Defendant's motion for summary judgment in its entirety.

## C. FAILURE TO JOIN A PARTY UNDER RULE 19

Under Rule 19 of the Federal Rules of Civil Procedure, an absent party is indispensable to the litigation if without it (1) "complete relief cannot be accorded among those already parties," or (2) the absent party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [that party's] absence may " either "(i) as a practical matter impair [that] person's ability to protect that interest or (ii) leave [the remaining] parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.Proc. Rule 19(a).

Since the National Personnel Records Center is not a necessary party or have any interest in this matter, and do not meet any of the criterias under Fed.R.Civ.P. Rule 19(a), Defendant's motion pursuant to Fed.R.Civ.P. Rule 12(b)(7) should be dismissed by the Court.

## IV. ARGUMENT

## A. PLAINTIFF EXHAUSTED HIS ADMINISTRATIVE REMEDIES

In opposition to Defendant's motion to dismiss pursuant to Fed.R.Civ.Proc. Rule 12(b)(1), alleging that Plaintiff did not exhaust His administrative remedies, Plaintiff relies on the provision in FOIA that a requester is deemed to have exhausted administrative remedies if the agency fails to comply with the time limit in the act. **See FOIA, 5 U.S.C. §552 (a)(6)(C)(i)(ii).** Plaintiff argues that Defendant cannot raise Rule 12(b)(1) as a defense because the OIP did not respond to the administrative appeal He filed with them prior to Him filing this complaint. Plaintiff contends that under Defendant's argument, He would be held responsible and His action

8.

dismissed because of the OIP's incompetents in properly filing, processing, and responding to the administrative appeal He filed with them on February 2, 2007.

Plaintiff asserts that the OIP did not respond prior to Him filing the complaint on March 27, 2007, which was approximately 33 days beyond the required statutory time for the OIP to respond to Plaintiff's administrative appeal. Plaintiff points to the administrative appeal letter mailed to the OIP on February 2, 2007. **See Compl. ¶ 17, Exhibit B; see also Plaintiff's Oppos. Decl., Ex. E.** Concerning the letter for administrative review, Plaintiff indicates that His Case Manager, C.Bodmerkal, here at FCI–Loretto had stampted dated the letter for the 2nd day of February 2007, before He delivered the letter to the prison mailroom at noontime on February 2, 2007 to be mailed to the OIP. **See Compl. ¶ 17, Exhibit B; see also Plaintiff's Oppos. Decl., Exhibit E.** Based on these actions, Plaintiff contends that He has exhausted His administrative remedies by failing a administrative appeal to the OIP before filing suit with this Court.

> [W]e find that 5 U.S.C. §552 (a)(6)(C) permits a requester to file a lawsuit when ten days have passed without a reply from the agency indicating that it is responding to his request, but that this option lasts only up to the point that an agency actually responds. Once the agency has responded to the request, the petitioner may no longer exercise his option to go to court immediately. Rather, the requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial and thereby exhausted his administrative remedies. Thus, if the agency responds to a FOIA request before the requester files suit, the ten-day constructive exhaustion provision in 5 U.S.C. §552 (a)(6)(C)

9.

no longer applies; actual exhaustion of administrative remedies is required.

Oglesby v. United States Dept.of Army, 920 F.2d 57, 61 (D.C.Cir. 1990).

Moreover, Defendant makes reference of the November 15, 2006 letter, claiming that the letter was mailed directly to Plaintiff at that date. **See Def's Mot. to Dismiss, P. 3,4,11-13; see also Def's Statement of Material facts, P.5.** Defendant also submitted a sworn Declaration by John F. Boseker, Attorney Advisor for the EOUSA, in an attempt to verify the Defendant's Motion to Dismiss. **See Ex. 2, Boseker Decl. ¶¶ 9,12.** As mentioned above, Plaintiff argues that the statements by Defendant and the Declaration by Mr. Boseker is a prime example of Defendant's incompetence in filing, processing, and responding to this case at matter. Plaintiff submits that the November 15, 2006 letter was mailed by the EOUSA to FCI-Jesup in Jesup, Georgia first. **See Plaintiff's Oppos. Decl. ¶ 5, Ex. A.** The letter was refused by FCI-Jesup because Plaintiff had already transfered on May 25, 2006 from that Federal Correctional Institution to FCI-Loretto in Loretto, Pennsylvania. **See Plaintiff's Oppos. Decl. ¶ 6, Ex. A.** On December 19, 2006, the EOUSA received the refused letter from FCI-Jesup. **See Plaintiff's Oppos. Decl. ¶ 6, Ex A.** Around that same period on December 22, 2006, the EOUSA remailed/mailed the November 15, 2006 letter directly to Plaintiff at FCI-Loretto, the place where He is presently incarcerated. **See Plaintiff's Oppos. Decl. ¶ 7, Ex. A.** Plaintiff received the November 15, 2006 stamped dated letter on December 26, 2006. **See Plaintiff's Oppos. Decl. ¶ 8, Ex. B.**

Further, as indicated in Defendant's motion to dismiss, the November 15, 2006 letter advised Plaintiff of the fact "[t]his is the final action on this ... request" and that "[y]ou may appeal this decision on this request by writing within 60 days from the **date of this letter** to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite

10.

11050, Washington, D.C. 20530-0001." **See Def's Mem. in Support of Mot. to Dismiss, P. 3-4,12; see also Ex. 2, Boseker Decl., Exhibit C and E.**

Furthermore, on February 2, 2007, 38 days after receiving the November 15, 2006 stamped dated letter on December 26, 2006, Plaintiff appealed to the OIP. **See Plaintiff's Oppos. Decl. ¶ 17, Ex. E. see also Compl. ¶ 17.** After 53 days had passed since Plaintiff filed a appeal to the OIP, He filed the complaint with this Court on March 27, 2007. **See Compl. ¶ 17.** Lastly, Plaintiff submits that He complied with the SIXTY DAY requirement which was set forth in both December 22, 2006 letters (Request Nos. 06-3440 and 06-3441) mailed by the EOUSA to Plaintiff. **See Plaintiff's Oppos. Decl., Exhibit A.** Plaintiff indicates that the February 2, 2007 administrative appeal letter mailed by Him to the OIP is within the SIXTY DAY statutory time frame from the December 22, 2006 letters.

Therefore, denial of Defendant's motion to dismiss is appropriate. **See FOIA, 5 U.S.C. §552 (a)(6)(C)(i)(ii); Oglesby, 920 F.2d at 57,61 (D.C.Cir 1990).**

### B. The EOUSA Conducted an Inadequate Search

In Plaintiff's complaint filed on March 27, 2007, He submitted that OIP failed to respond to the administrative appeal letter He filed on February 2, 2007. **See Compl. ¶ 18.** Attached to the complaint was a copy of the administrative appeal letter mailed to the OIP listing the information Plaintiff desired: (1) AUSA Latour Ley Lafferty's Letter of Appointment and Oath of Office records while He was employed with the EOUSA. And (2) AUSA Kathy J.M. Peluso Letter of Appointment and Oath of Office records. **See Compl. ¶ 17, Exhibit B.** The EOUSA had failed to conducted an adequate search and failed to produce the adequate records mentioned above.

FOIA affords the public access to virtually any Federal Government record that FOIA itself does not specifically exempt from disclosure. 5 U.S.C. §552; Vaughn v. Rosen, 484 F.2d 820,823 (D.C.Cir. 1973). FOIA confers

jurisdiction on the Federal District Courts to order the release of improperly withheld information. **5 U.S.C. §552 (a)(4)(B).**

As an initial matter, the Plaintiff contest the adequacy of EOUSA search. In particular the Defendant's motion for summary judgment, where the Defendant alleged that the Declaration made by Mr. Boseker "demonstrates through detailed, non-conclusory avernments that, in this case, the EOUSA and USAO/MDFL engaged in a 'good faith effort to conduct a search for the requested records, using methods which [were] reasonably expected to produce the information requested.' Oglesby, 920 F.2d at 68. The declaration describes in detail the type of search that was conducted to locate documents responsive to plaintiff's request." **See Def's Mot. for Summ. Judgment, P. 16; relying on Ex. 2, Boseker Decl. ¶¶ 6-12,15.**

Plaintiff submits that the search conducted by EOUSA and USAO/MDFL was not reasonable and adequate as alleged by Defendant in its motion and in Mr. Boseker's Declaration. While the EOUSA notified Plaintiff in the December 22, 2007 letter, and simply stated that "a search had been performed in the USAO/MDFL for the requested material and that no records had been located because AUSA Lafferty was no longer employed by the USAO/MDFL," Plaintiff contends that the EOUSA did not provide a reasonable detailed explanation of what records were searched, by whom, and through what process. **See Ex. 2, Boseker Decl. ¶¶ 6-12,15.** Moreover, a similar situation to this was presented to the District of Columbia Circuit in Steinberg v. United States Dept. of Justice, 23 F.3d 548 (D.C.Cir. 1994). In Steinberg, as in this case, the EOUSA described in a general manner how it processed FOIA requests but "fail[ed] to describe in any detail what records were searched, by whom, and through what process." Id. at 551-52. Additionally, this Circuit Court relied on Weisberg v. Dep't of Justice, 627 F.2d 365,371 (D.C.Cir. 1980)(agency affidavits that "do not denote which files were searched, of by whom, do not

12.

reflect any systematic approach to document location, and do not provide information specific enough to enable enable [the requester] to challenge the procedures utilized" are insufficient to support summary judgment) in assessing whether the Boston USA's Office conducted a reasonably thorough search of its records.

Likewise, Mr. Boseker's Declaration is not "reasonably detailed," and does not include the search terms used by the agency (EOUSA and USAO/MDFL) when performing the search, the type of search performed, and an avernment that "all files" likely to contain responsive materials were searched. **See Ex. 2, Boseker Decl. ¶¶ 6-12,15; see also Def's Mot. for Summ. Judgment, P. 16.** Further, a cursory review of Mr. Boseker's Declaration quickly reveals that it does not meet the standard set forth in The Nation Magazine, Washington Bureau v. United States Customs Service, 71 F.3d 885,890 (D.C.Cir. 1995)(to show reasonableness at the summary judgment phase, an agency must set forth sufficient information in its affidavits for a court to determine if the search was adequate. Id. The affidavits must be "reasonably detailed ..., setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." Id.) for establishing the reasonableness and adequacy of a FOIA search. **See also Weisburg v. United States Department of Justice, 705 F.2d 1344, 1351 (D.C.Cir. 1983).**

Furthermore, this Circuit had already admonished and addressed the manner and context of Mr. Boseker's previous Declaration in Jackson v. U.S. Attorney Office, Dist. of N.J., 293 F.Supp.2d 38,39 (D.C.C. 2003). In the Jackson case, the Court ordered "the defendants to provide additional and more detailed affidavits explaining how the Jackson file was compiled." The Court also noted that "those affidavits must meet the standard already set

forth by this Circuit in Weisberg, Nation Magazine, and Steinberg." Id at 39.

Infurtherance, the Plaintiff argues that His FOIA request has been infected by incompetence and reluctant diligence by the EOUSA in conducting a adequate and reasonable search for the requested material. The Defendant has a heavier burden to carry in establishing that it has complied with the requirements of the FOIA. See Weisberg, 705 F.2d at 1351. The Plaintiff advances three examples to illustrate this point. First, Plaintiff asserts that the Defendant failed to initially conduct a adequate and reasonable search of the Office of the Attorney General and Office of the Deputy Attorney General in response to His request for the records relating to the Letter of Appointment and Oath of Office for AUSA[s] Latour Ley Lafferty and Kathy J.M. Peluso. Pursuant to Title 28 U.S.C. §542(a), the Attorney General is responsible for appointing and supervising Oath of Office affidavits by AUSAs. Pursuant to Code of Federal Regulations §0.15(b)(1)(v), the Deputy Attorney General is also responsible for appointing and supervising Oath of Office affidavits by AUSAs. Second, Plaintiff contends that the Defendant failed to conduct a adequate and reasonable search of the Office of Attorney Personnel Management in the Department of Justice in response to His request for the records pertaining to the Letter of Appointment and Oath of Office for the AUSA[s]. The Office of Attorney Personnel Management is a function of the Attorney General governed under Title 28 U.S.C.A. §510. This Office is also responsible for appointing Assistant United States Attorneys and managering Oath of Office affidavits for AUSA[s]. And third, Plaintiff asserts that the defendant failed to conduct a adequate and reasonable search of the Office of Personnel Management in response to His request for records relating to the Letter of Appointment and Oath of Office for Former AUSA Latour Ley Lafferty and AUSA Kathy J.M. Peluso. Pursuant to Title 5 U.S.C. §2951(2), the Office of Personnel Management keeps records of government

14.

employees appointed under Executive Agencies; transferred; resigned; and removed. Specifically, Plaintiff indicates to the Court instances and locations where the Defendant failed to conducted a reasonable search "to uncover all relevant documents." Weisburg, 705 F.2d at 1351.

Moreover, the Plaintiff notes to this Court that Defendant's December 22, 2006 letter where the EOUSA provided Him with the address for the National Personnel Records Center for Him to contact in seeking to obtain the requested documents demonstrates incompetence on the EOUSA parted. **See Ex. 2, Boseker Decl. ¶ 12.** The NPRC do not contain and are not responsible for the letter of appointment and oath of office records for Assistant United States Attorneys. **See Ex. Plaintiff's Oppos. Decl., Exhibit E.** Here, rightly or wrongly, Plaintiff contends that the EOUSA narrowly construed His initial FOIA request. The Defendant did not expanded its search for responsive documents, did not search in locations most likely to contain responsive materials and utilize different search terms which expanded the scope of the search. See Iturralde, 315 F.3d at 313-14. It is obvious as indicated above that the Defendant's initial search was inadequate, the Defendant could have been more diligent and cnducted a adequate and reasonable search of the Office of the Attorney General and Office of the Deputy Attorney General, the Office of Attorney Personnel Management, and the Office of Personnel Management who are specifically designated and responsible for Assistant United States Attorneys letter of appointment and oath of office documents. Accordingly, Plaintiff contends that the EOUSA inadequate search is administrative incompetence. See Miller v. Dep't of State, 779 F.2d 1378, 1386 (8th Cir. 1985).

Additionally, as mentioned in the Defendant's motion for summary judgment, concerning the EOUSA providing Plaintiff with "a full release of 2 pages of records concerning '[r]equest [n]umber: 06-3440' and the subject of

15.

'AUSA Kathy Peluso (oath of ofc.)/Middle District of Florida (**See Def's Mot. for Summ. J., P. 11**), Plaintiff submits that the EOUSA failed to conducted a reasonable and accurate search pertaining to the Letter of Appointment and Oath of Office records for AUSA Kathy J.M. Peluso. Specifically, the EOUSA had provided Plaintiff with two pages of Oath of Office records dated July 1, 1991 and March 3, 1992, but failed to make available any other oaths taking by AUSA Peluso under Title 28 U.S.C. §544 upon expiration of successive appointments. **See Plaintiff's Oppos. Decl., Exhibit C.** The EOUSA also failed to provide Plaintiff with any Letter of Appointment records for AUSA Peluso as He had requested in His initial FOIA request. **See Plaintiff's Oppos. Decl., Exhibit C.** Moreover, The EOUSA had confined its search for the responsive documents for AUSA Peluso to the USAO/MDFL, and did not conduct a search in any other locations where the responsive documents were likely contained. **See Ex. 2, Boseker Decl. ¶9, Exhibit C for the Defendant.** As indicated above, there are other agencies within the Department of Justice responsible for such requested documents. Lastly, Plaintiff indicates that the EOUSA "fail[ed] to describe in any detail what records were searched, by whom, and through what process" was the search conducted at the USAO/MDML. **See Ex. 2, Boseker Decl. ¶9,15; Exhibit C for the Defendant.**

Accordingly, because the EOUSA did not conducted a reasonable search of files in which responsive documents were likely to be found, the EOUSA search was inadequate. The Defendant's motion for summary judgment should be dismissed on this basis.

### C. Failure to Join a Necessary Party

The Defendant argues in its motion to dismiss pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure that this Court should dismiss a "portion of plaintiff's complaint" for failure to join a necessary party, particularly, paragraph 15-16 in Plaintiff's complaint where He makes

16.

reference of the letter He mailed to the National Personnel Center requesting FOIA documents for former AUSA Latour Ley Lafferty and AUSA Kathy J.M. Peluso. **See Def's Mot. to Dismiss, P. 14 n.; see also** Compl. **¶¶ 15-16 and Plaintiff's Oppos. Decl. ¶ 15, Ex. D.**

Plaintiff first submits that the Defendant has misconstrued and misstated the statements stated in paragraph 15-16 of Plaintiff's complaint. Specifically, the Defendant had stated that "plaintiff also claims that he sent a letter to the National Personnel Records center concerning FOIA request No. 06-3441 (AUSA Latour Rafferty), **but has failed to receive a response from them." See Def's Mot. to Dismiss, P. 14n..** Plaintiff submits that the above bold sentence in reference to paragraph 16 is not correct and is misconstrued by the Defendant. Plaintiff demonstrates that He simply stated in paragraph 16 that "the FOIA request letter is still pending at this time at the NPRC agency." **See** Compl. **¶ 16.** Moreover, Plaintiff maintains that He only made reference of the FOIA request letter to the NPRC because the EOUSA had provided Him with that agency address in its December 22, 2007 response letter, and had instructed Plaintiff to contact them in obtaining the requested documents. **See Ex. 2, Boseker Decl. ¶12, Exhibit E for the Defendant.** Accordingly, Plaintiff contends that He has/had no intention in joining the NPRC as a party in this litigation. Plaintiff's complaint is strictly narrowed to the claim of the EOUSA withholding of requested documents and its unreasonable and inadequate search for responsive documents. Lastly, Plaintiff submits that the NPRC is not an necessary party to this litigation or can meet any of Fed.R.Civ.P. Rule 19(a)'s criterias.

For the above reasons, Defendant's motion to dismiss a "portion of plaintiff's complaint" under Fed.R.Civ.P. Rule 12(b)(7) should be denied.

## V. CONCLUSION

Plaintiff has demonstrated to the Court that the EOUSA has violated the

17.

FOIA (concerning His requests for the Letter of Appointment and Oath of Office records for the AUSA[s] Latour Ley Lafferty and Kathy J.M. Peluso), and did not conducted a reasonable search, and turn over responsive documents to what Plaintiff requested. Moreover, Plaintiff has established that He filed a timely administrative appeal to the OIP.

WHEREFORE, Plaintiff respectfully submits that the Court should dismiss the Defendant's motion[s] in its entirety.

RESPECTFULLY SUBMITTED,

Gregory Bonaparte, Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that I have this date mailed a copy of this under the pains and penalty of perjury [Title 28 U.S.C. § 1746] served a true and correct copy of the foregoing Motion in Opposition To Defendant's Motion To Dismiss or, in the alternative, for summary judgment and Memorandum of Points and Authorities, Statement of Material facts in Dispute, and Declaration by Him upon counsel of record as follows:[2]

> Jonathan Brumer
> Assistant U.S. Attorney
> District Of Columbia
> Judiciary Center, Civil Division
> 555 4th Street, N.W., Room E4815
> Washington, D.C. 20530

by placing the same in the United States mail, first class postage prepaid and properly affixed hereto.

DATED this 7th day of August, 2007.

BY: _Gregory Bonaparte_
GREGORY BONAPARTE, pro se

USM #22786-018
FCI Loretto
Post Office Box 1000
Loretto, PA 15940

---

[2] A prisoner's pro se pleading is deemed filed the date it is delivered to prison authorities for mailing. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

---

GREGORY BONAPARTE

                                      Civil Action No. 07-0749 (HHK)

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

      Defendant.

---

## STATEMENT OF MATERIAL FACTS IN DISPUTE

    Pursuant to Local Rule 7, Plaintiff submits this statement of material facts to which there is a genuine issue:

    **1.** On November 15, 2006, the EOUSA had mailed a letter to FCI-Jesup in Jesup, Georgia containing 2 pages of records concerning "[r]equest [n]umber: 06-3440" the subject "AUSA Kathy J.M. Peluso (oath of ofc.)/Middle District of Florida." See **Plaintiff's Oppos. Decl. ¶ 15, Ex. A.**

    **2.** The letter was refused by FCI-Jesup and returned/mailed back to the EOUSA in mid December. The EOUSA received the refused letter from FCI-Jesup on December 19, 2006. See **Plaintiff's Oppos. Decl. ¶ 16, Ex. A.**

    **3.** On December 22, 2006, the EOUSA remailed/mailed the November 15, 2006 letter directly to Plaintiff at FCI-Loretto in Loretto, Pennsylvania. See **Plaintiff's Oppos. Decl. ¶ 7, Ex. A.**

    **4.** On December 26, 2006, Plaintiff received the November 15, 2006 stamped dated letter. See **Plaintiff's Oppos. Decl. ¶ 8, Ex. B.** The EOUSA failed to provide Plaintiff with any (Letter of Appointment) records for "AUSA Kathy J.M. Peluso/Middle District of Florida" or explain its reasons for failure. See **Compl. ¶ 14;** see also **Ex. 2, Boseker Decl. ¶ 9 and Exhibit C for the Defendant.**

5. The December 22, 2006 letter by the EOUSA advised Plaintiff of the fact "[t]his is the final action on this ... request" and that "[y]ou may appeal this decision on this request by writing within 60 days from the **date of this letter** to the Office of information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001." See **Ex. 2, Boseker Decl., Exhibit C for the Defendant.** The letter further explained that "[i]f you are dissatisfied with the results of such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9."

6. On November 15, 2006, the EOUSA had mailed a letter to FCI-Jesup in Jesup, Georgia pertaining to "FOIA Request Number: 06-3441" whose subject was "AUSA Latour Ley Lafferty (Oath of Office and Letter of Appointment)/Middle District of Florida." See **Plaintiff's Oppos. Decl. " 10, Ex. A.**

7. The letter was refused by FCI-Jesup and returned/mailed back to the EOUSA in mid December. The EOUSA received the refused letter from FCI-Jesup on December 19, 2006. See **Plaintiff's Oppos. Decl. ¶ 11, Ex. A.**

8. On December 22, 2006, the EOUSA remailed/mailed the November 15, 2006 letter directly to Plaintiff at FCI-Loretto in Loretto, Pennsylvania. See **Plaintiff's Oppos. Decl. ¶ 12, Ex. A.**

9. On December 26, 2006, Plaintiff received the November 15, 2006 stamped dated letter. See **Compl. ¶ 10;** see also **Plaintiff's Oppos Decl. ¶ 13, Ex. B.** The letter informed Plaintiff that "[a] search for records located in the [USAO/MDFL] ha[d] revealed no responsive records regarding" the "AUSA Latour Lafferty is no longer employed with this Office [i.e., the USAO/MDFL]." **SEE EX. 2, Boseker Decl. ¶ 12 and Exhibit E for the Defendant.**

2.

10. the letter advised Plaintiff that "[y]ou may be able to obtain the records you seek by contacting the [National Personnel Records Center]," and provided Plaintiff with the address at which the National Personnel Records Center could be reached. **See** Compl. ¶ 12; **see also** Ex. 2, **Boseker Decl. ¶ 12, Exhibit E.** The December 22, 2006 letter further advised Plaintiff of the fact "[t]his is the final action on this ... request" and that "[y]ou may appeal this decision on this request by writing within 60 days from the **date of this letter** to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001." **See** Compl. ¶ 12; **see also** Ex. 2, **Boseker Decl., Exhibit E.** The letter continued explaining that "[i]f you are dissatisfied with the results of such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9."

11. On February 1, 2007, Plaintiff filed a Filed a FOIA request letter (in accordance with the EOUSA December 22, 2006 letter instructing him to contact the NPRC) to the National Personnel Records Center requesting the same information and records He had filed to the EOUSA pertaining to the AUSA[s] Latour Ley Lafferty and Kathy J.M. Peluso. **See Paintiff's Oppos. Decl. ¶ 15, Ex. D; see also Compl. ¶ 15.**

12. On February 2, 2007, Plaintiff delivered His administrative appeal for the Office of Information and Privacy to the Case Manager, C.Bodmerkal (designated to handle Plaintiff's legal documents), at FCI-Loretto to be stamped dated for the 2nd day of February 2007. **See Plaintiff's Oppos. Decl. ¶ 16, Ex. E; see also Compl. ¶ 17, Exhibit B.**

13. Later that day on February 2, 2007, at "openhouse" between 11:15 a.m. to 12:15 p.m. (time designated for inmates at this institution to mail off their legal document after being inspected), Plaintiff delivered His administrative appeal letter to the prison mailroom to be mailed to the Office

of Information and Privacy. **See** Plaintiff's Oppos. Decl. ¶ 17, Ex. E; **see also** **Compl. ¶ 17, Exhibit B.**

14. The OIP agency did not respond to Plaintiff's administrative appeal. **See** Compl. ¶ 18.

15. On March 27, 2007, Plaintiff filed this suit against U.S. Department of Justice (EOUSA) for improperly withholding of agency records from Him. **Complaint.**

16. By letter dated May 7, 2007, (after several correspondence with the NPRC), the National Personnel Records Center provided Plaintiff with a one page Statement of Federal Service Record concerning former AUSA Latour Lafferty. **See** Plaintiff's Oppos. Decl. ¶ 20, Ex. F. The letter also informed Plaintiff that the NPRC "were unable to locate any records on [AUSA] Kathy J.M. Peluso" . . . . **See** Plaintiff's Oppos. Decl. ¶ 21, Ex. F, NPRC's May 7, 2007 letter attched with correspondence letters between the Plaintiff and the NPRC agency.

RESPECTFULLY SUBMITTED,

*Gregory Bonaparte*

Gregory Bonaparte, Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____

GREGORY BONAPARTE,

Civil Action No. 07-0749 (HHK)

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

      Defendant.

_____

## DECLARATION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Gregory Bonaparte declares under penalty of perjury:

1. I am the Plaintiff in the above entitled case. I make this declaration in opposition to Defendant's motion for summary judgment on my claim concerning improperly withholding on agency records under the FOIA by Defendant, U.S. States Department of Justice (EOUSA).

2. The Defendant's declarations claim, in summary, that I did not filed a appeal to the Office of Information and Privacy of the EOUSA determination (concerning FOIA No. 06-3440 [AUSA Kathy Peluso] and FOIA No. 06-3441 [AUSA Latour Lafferty]) prior to commencing the above captioned action. **See Ex. 2, Boseker Decl. ¶ 13; see also Ex. 3, Hairston Decl. ¶¶ 7-8.**

3. The Defendant's declaration also claim, in summary, that the EOUSA mailed the November 15, 2006 letter directly to me. **See Ex. 2, Boseker Decl. ¶¶ 9,12.**

4. The Defendant is not entitled to summary judgment because there are genuine issues of material fact to be resolved. These issues are identified in the accompanying statement of disputed factual issues filed by the Plaintiff pursuant to Rule 7 of the Local Rules of this District Court. The facts are set out in this declaration.

5. On November 15, 2006, the EOUSA had mailed a letter to FCI-Jesup in Jesup, Georgia containing 2 pages of records concerning "[r]equest [n]umber: 06-3440" the subject "AUSA Kathy J.M. Peluso (Oath of Ofc.)/Middle District of Florida." **Exhibit A attached.**

6. The letter was refused by FCI-Jesup and returned/mailed back to the EOUSA in mid December. The EOUSA received the refused letter from FCI-Jesup on December 19, 2006. **Exhibit A attached.**

7. On December 22, 2006, the EOUSA remailed/mailed the November 15, 2006 stamped dated letter directly to me at FCI-Loretto in Loretto, Pennsylvania. **Exhibit A attached.**

8. On December 26, 2006, I received the November 15, 2006 stamped dated letter. **Exhibit B attached.** The EOUSA failed to provided me with any "letter of appointment" records for "AUSA Kathy J.M. Peluso/Middle District of Florida" or explain its reasons for failure.

9. The December 22, 2006 letter by the EOUSA advised me of the fact "[t]his is the final action on this ... request" and that "[y]ou may appeal this decision on this request by writing within 60 days from the **date of this letter** to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001." The letter further explained that "[i]f you are dissatisfied with the results of such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9."

10. On November 15, 2006, the EOUSA had mailed a letter to FCI-Jesup in Jesup, Georgia pertaining to "FOIA Request Number: 06-3441" whose subject was "AUSA Latour Ley Lafferty (Oath of Office and Letter of Appointment)/Middle District of Florida." **Exhibit A attached.**

11. The letter was refused by FCI-Jesup and returned/mailed back to the EOUSA in mid December. The EOUSA received the refused letter from FCI-Jesup on December 19, 2006. **Exhibit A attached.**

2.

12. On December 22, 2006, the EOUSA remailed/mailed the November 15, 2006 stamped dated letter directly to me at FCI-Loretto in Loretto, Pennsylvania. **Exhibit A attached.**

13. On December 26, 2006, I received the November 15, 2006 stamped dated letter. **Exhibit B attached; see also Compl. ¶ 10.** The letter informed me that "[a] search for records located in the [USAO/MDFL] ha[d] revealed no responsive records regarding" the "AUSA Latour Lafferty Is no longer employed with this Office [i.e. the USAO/MDFL]."

14. The letter advised me that "[y]ou may be able to obtain the records you need by contacting the [National Personnel Records Center]," and provided me with the address at which the National Personnel Records Center could be reached. **Compl. ¶ 12.** The December 22, 2006 letter further advised me of the fact "[t]his is the final action on this ... request" and that "[y]ou may appeal this decision on this request by writing within 60 days from the **date of this letter** to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001." The letter continued explaining that "[i]f you are dissatisfied with the results of such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9."

15. On February 1, 2007, I filed a FOIA request letter (in accordance with the EOUSA's December 22, 2006 letter instructing me to contact the NPRC) to the National Personnel Records Center requesting the same information and records I had filed to the EOUSA pertaining to the AUSA[s] Latour Ley Lafferty and Kathy J.M. Peluso. **Exhibit D attached; see also Compl. ¶ 15.**

16. On February 2, 2007, I delivered my administrative appeal letter for the Office of Information and Privacy to the FCI-Loretto's Case Manager, C.Bodmerkal (designated to handle my legal documents), to be stamped dated for the 2nd day of February 2007. **Exhibit E attached; Compl., Exhibit B.**

17. Later that day on February 2, 2007, at "openhouse" between 11:15 a.m. to 12:15 p.m. (designated time for inmates at this institution to mail off legal documents), I delivered my administrative appeal letter to the prison mailroom to be mailed to the Office of Information and Privacy. **Exhibit E attached; see also compl. ¶ 17, Exhibit B.**

18. The OIP agency did not respond to my administrative appeal letter. **Compl. ¶ 18.**

19. On March 27, 2007, I filed this suit against the Defendant U.S. Department of Justice (EOUSA) for improperly withholding of agency's records. **Complaint.**

20. On May 7, 2007, after several correspondence with the NPRC, the National Personnel Records Center provided me with a one page "Statement of Federal Service Record" concerning former AUSA Latour Ley Lafferty. **Exhibit F attached.**

21. The letter also informed me that the NPRC "were unable to locate any records on [AUSA] Kathy J.M. Peluso" . . . . **Exhibit F attached.**

22. Contrary to Defendant's declarations, I received the November 15, 2006 stamped dated letter on December 26, 2006 at FCI-Loretto and I timely filed a appeal to the Office of Information and Privacy on February 2, 2007.

23. The foregoing factual allegations create a genuine issue of material fact and will, if proved at trial, entitle me to judgment, as explained in the brief submitted with this declaration

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 5th day of August 2007.

RESPECTFULLY SUBMITTED,

*Gregory Bonaparte*

Gregory Bonaparte, Plaintiff

4.

EXHIBIT A

(DECLARATION OF GREGORY BONAPARTE)

U.S. DEPARTMENT OF JUSTICE
EOUSA/FOIA/PA UNIT
BICN BLDG., RM. 7300
600 E ST., N. W.
WASHINGTON, DC 20530

RECEIVED DEC

2006 DEC 19  AM 10: 39

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Legal Mail – Open Only In Presence Of Inmate

☐ Unable To Forward
☐ No Mailing Address
☐ Insufficient Address
☐ Moved, Left No Address
☐ Attempted-Not-Known
☐ Vacant ☐ Illegible
☐ No Such Street/Number
☐ No Mail Receptacle
☐ Box Closed-No Order
☐ Returned For Better Address
☐ Postage Due

06-3440
3441

GREGORY BONAPARTE
#22386-018

—— CO - DID FCI
1680  HWY. 6) South
VFSVP  GA  31599

DEC 22 2006

US OFFICIAL MAIL
$300 Penalty
For Private Use

US POSTAGE
$00.390
11/15/2006
Mailed From 20530
Hasler

EXHIBIT B

(DECLARATION OF GREGORY BONAPARTE)

U.S. DEPARTMENT OF JUSTICE
EOUSA/FOIA/PA UNIT
BICN BLDG., RM. 7300
600 E ST., N. W.
WASHINGTON, DC 20530

Official Business
Penalty for Private Use $300

Gregory Bonaparte
#22406-018
FCI, P.O. Box 1000
Loretto, PA 15940

Legal Mail -- Open Only In Presence Of Inmate

15940$1000 BC05

EXHIBIT C

(DECLARATION OF GREGORY BONAPARTE)

STANDARD FORM 61
Revised June 1986
U.S. Office of Personnel Management
FPM Chapter 296
61-108

# APPOINTMENT AFFIDAVITS

Assistant U.S. Attorney
*(Position to which appointed)*

March 3, 1992
*(Date of appointment)*

Dept. of Justice
*(Department or agency)*

U.S. Attorney's Office
*(Bureau or Division)*

Tampa, Florida
*(Place of employment)*

I, Kathy J.M. Peluso , do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*(Signature of appointee)*

Subscribed and sworn (or affirmed) before me this 3rd day of March , 19 92 ,

at Tampa Florida
   *(City)*                    *(State)*

[SEAL]

*(Signature of officer)*

Commission expires 5/17/93

Personnel Management Specialist
*(Title)*

*(If by a Notary Public, the date of expiration of his/her Commission should be shown)*

**NOTE.**—*The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.*

NSN 7540-00-634-4015

★U.S.GPO.1990-265-862/10005

Prior Edition Usable

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61-107

OMB APPROVAL NO. 50-R0118

# APPOINTMENT AFFIDAVITS

Assistant United States Attorney

*(Position to which appointed)*

June 30, 1991

*(Date of appointment)*

Department of Justice

*(Department or agency)*

U.S. Attorney's Office

*(Bureau or division)*

Tampa, Florida

*(Place of employment)*

I, Kathy J.M. Peluso _____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*(Signature of appointee)*

Subscribed and sworn (or affirmed) before me this 1st day of July A.D. 19 91,

at Tampa

*(City)*

Florida

*(State)*

KAREN J. MARX
Notary Public, State of Florida at Large
My Commission Expires MAY 17, 1993

*(Signature of officer)*

Commission expires May 17, 1993

(If by a Notary Public, the date of expiration
of his Commission should be shown)

Personnel Management Specialist

*(Title)*

NOTE—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

☆ U.S. GOVERNMENT PRINTING OFFICE: 1982- 361-526:7231

EXHIBIT D

(DECLARATION OF GREGORY BONAPARTE)

REQUEST FOR ASSISTANT UNITED STATES ATTORNEY'S DOCUMENTS:
UNDER THE FREEDOM OF INFORMATION ACT & ~~PRIVACY ACT~~

Gregory Bonaparte
#22786-018
Central One
FCI - Loretto
P.O. Box 1000                    February 1, 2007
Loretto, Pennsylvania 15940

National Personnel Records Center
111 Winnebago Street
St. Louis, Mo 63118

**TO WHOM IT MAY CONCERN:**

Pursuant to Title 5, United States Code, Section 552, I the undersigned, identified as above, respectfully request the following information and records from your Department concerning the **Letter of Appointment and Oath of Office** for the Assistant United States Attorneys named hereinafter:

1). Latour Lafferty, Assistant United States Attorney for the Middle District Court of Florida.

2). Kathy J.M. Peluso, Appellate Counsel for the Eleventh Circuit United States Court of Appeals.

I am aware of the fact that (AUSA) Latour Ley Lafferty is no longer employed with the United States Attorney's Office(s) for the Middle District of Florida. I am requesting the **Letter of Appointment and Oath of Office** of (AUSA) Latour Ley Lafferty while he was employed by the United States Attorney's Office(s) for the Middle District of Florida.

If for any reason(s) any of the above described information or material is deemed to be non-releasable, please specify the statutory and regulatory reason(s) and the name and title of the person(s) making such decisions.

1.

Respectfully Submitted,

_Gregory Bonaparte_

Gregory Bonaparte, requester

State of Pennsylvania )
                      )
County of Cambria     )

　　　Sworn and subscribed before me this __1__ day of February
2007, _Gregory Bonaparte_ .

　　　The above named requester appeared before me and he is
who he claims to be.

CASE MANAGER,
AUTHORIZED BY THE ACT OF
JULY 7, 1955, AS AMENDED, TO
ADMINISTER OATHS (18 USC 4004).

2.

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: 06-3441    Date of Receipt: May 9, 2006

Requester: Gregory Bonaparte

Subject: AUSA Latour Lafferty (Oath of Ofc/Appt.) / Middle District of Florida

Dear Requester:

    In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.  [   ]  A search for records located in EOUSA - ___ has revealed no responsive records regarding the above subject.

2.  [ X ]  A search for records located in the United States Attorney's Office(s) for the Middle District of Florida has revealed no responsive records regarding the above subject. **AUSA Latour Lafferty is no longer employed with this office. You may be able to obtain the records you seek by contacting the NPRC at the address below:**

      **National Personnel Records Center**
      **111 Winnebago Street**
      **St. Louis, MO 63118**

3.  [   ]  After an extensive search, the records which you have requested cannot be located.

4.  [   ]  Your records have been destroyed pursuant to Department of Justice guidelines.

5.  [   ]  Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

    **If you are alleging that the Department of Justice must be bonded and/or secured before initiating prosecution, please be informed that the Department of Justice does not "take out" nor "issue" bonds and/or securities when it investigates and prosecutes alleged violators of federal criminal law.**

    This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

                Sincerely,

                William G. Stewart II
                Acting Assistant Director

Form No. 005 - 2/06

EXHIBIT E

(DECLARATION OF GREGORY BONAPARTE)

APPEAL FROM EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS
UNDER FOIA AND PRIVACY ACT

Gregory Bonaparte
# 22786-018
Central One
FCI - Loretto                    February 2, 2007
P.O. Box 1000
Loretto, Pennsylvania 15940

Office of Information and Privacy
United States Department of Justice
1425 New York Avenue, Suite 11050
Washington, D.C. 20530 - 0001

RE: FOIA and Privacy Act Disclosure
    Requester's No. 06-3441

**TO WHOM IT MAY CONCERN:**

I am writing this letter seeking administrative review
for the FOI request I made on May 9, 2006 to the Executive Office
for United States Attorneys. I had inquired of the EOUSA to
provide me with the Letter of Appointment and Oath of Office
documents for the Assistant United States Attorneys who prosecuted
and acted in my criminal case. On December 22, 2006, the EOUSA
mailed me a response letter. The letter did not contain any
information or material relating to the Letter of Appointment
or Oath of Office for the AUSA(s), Latour Ley Lafferty or Kathy
J.M. Peluso. The response letter only contain a Affidavit of
Appointment for AUSA Kathy J.M. Peluso.

The EOUSA had informed me in the letter that their office
had searched for the records regarding (AUSA) Latour Ley Lafferty
in the United States Attorney's Office(s) for the Middle District
of Florida and there was no records revealed concerning (AUSA)
Latour Ley Lafferty. The EOUSA further informed me that (AUSA)

Latour Ley Lafferty was no longer employed with their office and provide me with another address to contact in seeking the information and documents I requested.

I submit this letter to the Office of Information and Privacy requesting that this Department could please review the EOUSA determination of my FOI request, and provide me with the Letter of Appointment and Oath of Office of (AUSA) Latour Ley Lafferty while he was employed by the EOUSA. And also the Letter of Appointment and Oath of Office for AUSA Kathy J.M. Peluso.

If for any reason(s) any of the above described information or material is deemed to be non-releasable, please specify the statutory and regulatory reason(s) and the name and title of the person(s) making such decisions.

Respectfully Submitted,

Gregory Bonaparte, requester

State of Pennsylvania )
                      )
County of Cambria     )

Sworn and Subscribed before me this ___ day of February 2007, _____ .

The above named requester appeared before me and he is who he claims to be.

CASE MANAGER,
AUTHORIZED BY THE ACT OF
JULY 7, 19__ AS AMENDED, TO

2.

EXHIBIT F

(DECLARATION OF GREGORY BONAPARTE)



# National Personnel Records Center

**Civilian Personnel Records**    *111 Winnebago Street*    *St. Louis, Missouri 63118-4199*

May 7, 2007

Gregory Bonaparte #22786 – 018
Central One
FCI – Loretto
P. O. Box 1000
Loretto, PA  15940

Dear Mr. Bonaparte:

This letter is in reply to your follow up Freedom of Information Act (FOIA) inquiry in which you requested the Letter of Appointment and Oath of Office pertaining to Latour  Lafferty and Kathy J.M. Peluso.

I am enclosing a statement of Federal service that contains the releasable information under the FOIA guidelines for Latour Lafferty.  We were unable to locate any records on Kathy J.M. Peluso based on the information you were able to provide.

If you consider this to be a denial of your request, you may appeal by writing to:
    Deputy Archivist (ND)
    National Archives and Records Administration – College Park
    8601 Adelphi Road
    College Park, MD  20740 – 6001

Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

We hope the enclosed transcript will be of assistance to you.

Sincerely,

WILLIAM D. BASSMAN
Chief, Reference Service Branch

Enclosures

# TRANSCRIPT/STATEMENT OF FEDERAL SERVICE

| NAME (Last, first, middle) | Date of Birth (mm,dd,yyyy) | Social Security Number |
|---|---|---|
| Lafferty, Latour R | | |

*The information furnished below, taken from official records of the Federal Government, should be treated as CONFIDENTIAL.*

| NATURE OF ACTION (This column used only for a transcript of employment) | EFFECTIVE DATE OR PERIOD (mm,dd,yyyy) FROM | TO | POSITION, GRADE AND SALARY | AGENCY AND LOCATION | REMARKS |
|---|---|---|---|---|---|
| | | | Law Clerk JS 01 12/02, $44063 pa | Adm Ofc of the U.S. Courts Jacksonville, FL | |
| | | | Asst U.S. Attorney AD 0905 29/00, $122,888pa | U.S. Dept of Justice Tampa, FL | |

WILLIAM D. BASSMAN
Chief, Reference Service Branch

## KEY TO ABBREVIATIONS

| | | | | | | |
|---|---|---|---|---|---|---|
| AD | -Adjustments | EXT | -Extensions | REASSIGN | -Reassignment | SUSP | -Suspension |
| APPT | -Appointment | FURL | -Furlough | RIF | -Reduction in Force | TEMP | -Temporary |
| CAR APPT | -Career Apointment | INDEF | -Indefinite | REEMPL | -Reemployment | TERM | -Termination |
| CAR COND APPT | -Career Conditional | LA. | -Letter of Authority | REINS | -Reinstatement | TRANS | -Transfer |
| | Appointment | LWOP | -Leave Without Pay | REM | -Removal | WGI | -Within Grade Increase |
| CON | -Conditional | MIL | -Military | RESIG | -Resignation | WSIA | -War Service Indefinite Appointment |
| CONT | -Continuance | PHYS DIAB RET | -Physical Disability Retirement | REINS | -Restoration | WSTA | -War Service Temporary |
| CONV | -Conversion | PROB | -Probational | RESTOR | -Restoration | | Appointment |
| DEM | -Demotion | PROM | -Promotion | RTD | -Return to Duty | | |
| EXC | -Excepted | | | SEP | -Separation | | |

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

NA FORM 13037 (9-85)

REQUEST FOR ASSISTANT UNITED STATES ATTORNEY'S DOCUMENTS:
UNDER THE FREEDOM OF INFORMATION ACT & ~~PRIVACY ACT~~

Gregory Bonaparte
#22786-018
Central One
FCI - Loretto                          February 1, 2007
P.O. Box 1000
Loretto, Pennsylvania 15940

National Personnel Records Center
111 Winnebago Street
St. Louis, Mo 63118

**TO WHOM IT MAY CONCERN:**

Pursuant to Title 5, United States Code, Section 552, I
the undersigned, identified as above, respectfully request the
following information and records from your Department concerning
the **Letter of Appointment and Oath of Office** for the Assistant
United States Attorneys named hereinafter:

1). Latour Lafferty, Assistant United States Attorney
for the Middle District Court of
Florida.

2). Kathy J.M. Peluso, Appellate Counsel for the Eleventh
Circuit United States Court of
Appeals.

I am aware of the fact that (AUSA) Latour Ley Lafferty
is no longer employed with the United States Attorney's Office(s)
for the Middle District of Florida. I am requesting the **Letter
of Appointment and Oath of Office** of (AUSA) Latour Ley Lafferty
while he was employed by the United States Attorney's Office(s)
for the Middle District of Florida.

If for any reason(s) any of the above described information
or material is deemed to be non-releasable, please specify the
statutory and regulatory reason(s) and the name and title of
the person(s) making such decisions.

1.

Respectfully Submitted,

*Gregory Bonaparte*
Gregory Bonaparte, requester

State of Pennsylvania )
                      )
County of Cambria     )

Sworn and subscribed before me this __1__ day of February 2007, *Gregory Bonaparte* .

The above named requester appeared before me and he is who he claims to be.

CASE MANAGER,
AUTHORIZED BY THE ACT OF
JULY 7, 1965, AS AMENDED, TO
ADMINISTER OATHS (18 USC 4004).

2.

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: 06-3441     Date of Receipt: May 9, 2006

Requester: Gregory Bonaparte

Subject: AUSA Latour Lafferty (Oath of Ofc/Appt.) / Middle District of Florida

Dear Requester:

In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.  [ ]  A search for records located in EOUSA - ___ has revealed no responsive records regarding the above subject.

2.  [ X ]  A search for records located in the United States Attorney's Office(s) for the Middle District of Florida has revealed no responsive records regarding the above subject. AUSA Latour Lafferty is no longer employed with this office. You may be able to obtain the records you seek by contacting the NPRC at the address below:

    National Personnel Records Center
    111 Winnebago Street
    St. Louis, MO 63118

3.  [ ]  After an extensive search, the records which you have requested cannot be located.

4.  [ ]  Your records have been destroyed pursuant to Department of Justice guidelines.

5.  [ ]  Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

    If you are alleging that the Department of Justice must be bonded and/or secured before initiating prosecution, please be informed that the Department of Justice does not "take out" nor "issue" bonds and/or securities when it investigates and prosecutes alleged violators of federal criminal law.

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

Form No. 005 - 2/06

REQUEST FOR ASSISTANT UNITED STATES ATTORNEY'S D
UNDER THE FREEDOM OF INFORMATION ACT

Gregory Bonaparte
#22786-018
Central One
FCI - Loretto
P.O. Box 1000
Loretto, Pennsylvania 15940

M.C. Wayman
Supervisory Archives Specialist
Chief, Personnel Reference Service Section
National Personnel Records Center
111 Winnebago Street
St. Louis, Missouri 63118

RE: Return FOIA request letter &
    request form.

Dear Mr. Wayman:
    I received your letter mailed to me concerning my FOIA letter
dated February 1, 2007. Mr. Wayman it seems to me that your agency
has broading my FOIA request. See attachment, NPRC letter dated
March 29, 2007. I want to inform your agency that I am not requesting,
concern, nor interested at this particular time with obtaining
any type of employment pay, medical records, or other personnel
records besides the documents I requested under the FOIA pertaining
to former AUSA Latour Ley Lafferty and AUSA Kathy J.M. Peluso.
What I am simply seeking is public information concerning the
AUSA(s) **Letter of Appointment and Oath of Office** information
and documents.
    The only additional information I can provided your agency
with in locating the Federal employees individual identities
and their particular individual folders and records are my criminal
and civil case numbers. My criminal case number is 8:98-CR-278-T
-24TGW, and my civil case number is 8:02-CV-1906-T-24TGW.
    The former AUSA Latour Ley Lafferty had prosecuted and represented
the Government in my criminal case at the trial level and participated
partly in my civil case in the United States District Court,
Middle District of Florida, Tampa Division between the period
of June 5, 1998 until June of 2003. AUSA Kathy J.M. Peluso had

1.

represented the Government in my criminal case at the appellate level and in my civil case in the United States District Court, Middle District of Florida, Tampa Division between the period of May 1999 until May of 2006. Your agency have my permission and consent to review my criminal and civil case records to positively identify and determine the Federal employees, former AUSA Latour Ley Lafferty and AUSA Kathy J.M. Peluso.

Further, I would like to mention that I do not have any knowledge or possess any kind of information pertaining to the AUSA(s) social security numbers or dates of birth. I am a prisoner incarcerate in a Federal Correctional Institution in Loretto Pennsylvania with limited resources and can not possibly obtain no type of personal information such as the social security numbers and dates of birth for the AUSA(s) who prosecuted and participated in my criminal and civil cases.

Accordingly, I am resubmitting my previous Letter of Request under the FOIA, Title 5, United States Code, Section 552, dated February 1, 2007. See attachment. I the undersigned, identified as above, respectfully request for the information and records from your department pertaining to the **Letter of Appointment and Oath of Office** for former AUSA Latour Ley Lafferty and AUSA Kathy J.M. Peluso, who prosecuted and acted in my criminal and civil cases. I am also returning the request form your agency mailed to me to filled out and return. See attachment. I am informing your agency once again that I have filled the form out to the bested of of my knowledge concerning the information I possess and know pertaining to the Assistant United States Attorneys who acted in my criminal and civil cases.

If for any reason(s) any of the above described information or material is still deemed to be non-releasable, please specify the statutory and regulatory reason(s) and the name and title of the person(s) making such decisions.

RESPECTFULLY SUBMITTED, ·

Gregory Bonaparte, Requester

2.

STATE OF PENNSYLVANIA )
                      )
COUNTY OF CAMBRIA     )

    SWORN TO AND SUBSCRIBED TO under the pains and penalty of perjury, in accordance with Section 1746 of Title 28, United States Code.

    The above named requester appeared before me and he is who he claim to be.

                                   A, CASE MANAGER,
AUTHORIZED BY THE ACT OF
JULY 7, 1955, AS AMENDED, TO
ADMINISTER OATHS (18 USC 4004).

3.

 National Personnel Records Center

Civilian Personnel Records        111 Winnebago Street    St. Louis, Missouri 63118-4199

March 29, 2007

Mr. Gregory Bonaparte
#22786-018
Central One
FCI- Loretto
P. O. Box 1000
Loretto, PA 15940

Dear Mr. Bonaparate:

This letter is in reply to your inquiry of February 1, 2007, requesting information on the following individuals:  **Mr. Latour Lafferty (Date-of-Birth & Social Security Number:  unknown) and Ms. Kathy J. M. Peluso (Date-of-Birth & Social Security Number: unknown).**

Based on the information provided in your letters, we were unable to locate any pay, personnel and medical records for Mr.Laffert or Ms. Peluso.  This Center is the repository for Official Personnel Folders, Employee Medical Folders, etc. of separated Federal employees.  Records in our physical custody are filed in various filing systems based on the former employee's period of service.  For example, **records of service prior to 1951** are filed in our **Agency** file which is a collection of separate record groups. The records may be filed therein **alphabetically and date-of-birth or by Soundex Code** (a code based on the person's name).

Records for service between 1951 through 1965 are file by **Soundex Code.**  Records of service subsequence to 1965 are filed in a **computerized registry system** by the former employee's social security number and date-of-birth.

Regardless of the filing system, in order to locate a particular individual's folder, we must have the former employee's **complete name, social security number, date-of-birth, name of the Federal agency by which employed, the location of the agency, and the approximately beginning and ending dates of employments**. This information is crucial to positively identifying and locating a record in our Center.  If additional information can be provided, we gladly perform another search of our record holdings concerning the above-mentioned individuals.

Sincerely,

M. C. WAYMAN
Supervisory Archives Specialist
Chief, Personnel Reference Service Section

REQUEST FOR ASSISTANT UNITED STATES ATTORNEY'S DOCUMENT
UNDER THE FREEDOM OF INFORMATION ACT


Gregory Bonaparte
#22786-018
Central One
FCI - Loretto
P.O. Box 1000
Loretto, Pennsylvania 15940

Patricia S. Resler
Chief Civilian Operations Branch
National Personnel Records Center
111 Winnebago Street
St. Louis, Mo 63118

RE: Return FOIA Request Letter &
    Request Form.

Dear MS. Resler:

     I am resubmitting my previous request letter under the FOIA,

Title 5, United States Code, Section 552, dated February 1, 2007.

See Attachment. I the undersigned, identified as above, once

again respectfully request for the information and records from

your department pertaining to the **Letter of Appointment and Oath**

**of Office** for the Assistant United States Attorneys who prosecuted

and acted in my criminal case. I am also returning the request

form you mailed to me to filled out and return. See Attachment.

I must inform you that I am pro se status in this matter and

do not really understand the legal procedural rules and practices

in filling out the request form. I am informing you now that

I have filled the form out to the bested of my knowledge concerning

the information I possession and know relating to the Assistant

United States Attorneys who acted in my criminal case.

     Furthermore, I would like to mention to you the fact that

I had attempt to obtain the same information and records pertaining

to the AUSA(s) first with the Executive Office For United States

Attorneys (EOUSA) Office. That department had inform me that AUSA Latour Ley Lafferty was no longer employed with their office(s) and provided me with your department address to write and obtain the information and documents I am seeking. See Attach. "A", the EOUSA responce letter.

    If for any reason(s) any of the above described information or material is still deemed to be non-releasable, please specify the statutory and regulatory reason(s) and the name and title of the person(s) making such decisions.

                                Respectfully Submitted,

                                _Gregory Bonaparte_
                                Gregory Bonaparte, Requester


STATE OF PENNSYLVANIA )
                      )
COUNTY OF CAMBRIA     )

    SWORN TO AND SUBSCRIBED TO under the pains and penalty of perjury, in accordance with Section 1746 of Title 28, United States Code.

    The above named requester appeared before me and he is who he claims to be.


3/20/07

, CASE MANAGER
AUTHORIZED BY THE ACT OF
JULY 7, 1955, AS AMENDED, TO
ADMINISTER OATHS (

OMB No. 3095-0037  Expires 02/28/2006

## RETURNED REQUEST FORM

*YOUR REQUEST IS RETURNED WITHOUT ACTION FOR THE REASON(S) CHECKED BELOW. IF YOU RESUBMIT YOUR REQUEST, PLEASE RETURN ALL ATTACHED PAPERS, INCLUDING THIS FORM.*

☐ Further information is needed before we can locate the record needed to process your request. Please complete the items marked below.
 ☐ SOCIAL SECURITY NUMBER     ☐ DATE OF BIRTH
 ☐ INFORMATION FOR EACH PERIOD OF EMPLOYMENT (IF necessary, continue below or on a separate page)

| NAMES USED DURING FEDERAL SERVICE | EMPLOYING AGENCY AND LOCATIONS | DATES OF EMPLOYMENT |
|---|---|---|
| LAURI LEY LAFFERTY | UNITED STATES ATTORNEY'S OFFICE(S) FOR THE MIDDLE DISTRICT OF FLORIDA | BETWEEN 1992 - 2003 |
| KATHY J.M. PELUSO | APPELLATE COUNSEL FOR THE ELEVENTH CIRCUIT APPEALS COURT | BETWEEN 1999 - 2006 |

☐ The request must include the authorization/handwritten signature of the person who is the subject of the record.
☐ If you are requesting information on a deceased individual, please submit proof of death.
☐ Please state exactly what information or documents you need.
☐ We are unable to locate the requested record based on the information you have provided. Please check the information contained in your request. If you can furnish any corrected information or any additional information to verify the claimed service, please resubmit your request.
☐ A request from a Federal agency for the transfer of a personnel record must be submitted on Standard Form 127, Request for Official Personnel Folder, or an authorized equivalent. Please submit your request on SF 127, *in duplicate*.
☐ Please submit a separate Standard Form 127 for each individual record being requested.
☐ Please complete the return address block on all copies of Standard Form 127.
☐ The return address must clearly state the *name of the Federal Agency* with which your office is affiliated. Please enter the agency name and resubmit your request.
☐ Standard Form 127 may not be used to request information or copies of documents. Please resubmit your request on agency letterhead.
☐ Standard Form 127 may not be used to request the transfer of medical records. Please submit Standard Form 184, Request for Employee Medical Folder, *in duplicate*.
☐ The request form you submitted is only for the use of Federal agencies. Please resubmit your request in letter form.
☐ The agency named in your request does not retire personnel records to this Center. Please submit your request directly to that agency.
☐ The record needed to respond to your request has not been received at this Center. Please submit your request to the last current employing agency.

### PRIVACY ACT OF 1974 COMPLIANCE INFORMATION

Authority for collection of the information is 44 U.S.C. 2907 and 3103 and Public Law 104-134 (April 26, 1996) as amended in title 31, section 7701. Disclosure of the information is voluntary. The principal purpose of the information is to assist the National Personnel Records Center in locating and verifying the correctness of the requested records or information to answer your inquiry. Routine uses of the information as established and published in accordance with 5 U.S.C. 522A (E) (4) (D) include the transfer of relevant information to appropriate federal, state, local, or foreign agencies for use in civil, criminal, or regulatory investigations or prosecution. In addition this form will be filed with the appropriate military or civilian records and may be transferred along with the record to another agency in accordance with the routine uses established by the agency which maintains the record. If the requested information is not provided it may not be possible to service your inquiry.

### PAPERWORK REDUCTION ACT PUBLIC BURDEN STATEMENT

An agency may not conduct or sponsor a collection of information unless it displays a currently valid OMB control number. The OMB control number for this information collection is 3095-0037. The information requested on this form is being collected and used by the National Personnel Records Center to identify and locate civilian personnel records that could not be identified and located in response to the original inquiry. Public burden reporting for this collection of information is estimated to be five minutes per response, including time for reviewing instructions and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to National Archives and Records Administration (NHP), 8601 Adelphi Road, College Park, MD 20740-6001. DO NOT SEND COMPLETED FORMS TO THIS ADDRESS. SEND COMPLETED FORMS TO THE ADDRESS SHOWN BELOW.

Date: 2-20-07

Gregory Bonaparte
# 22786-018
Central One
Federal Correctional Institution - Loretto
P.O. Box 1000
Loretto, Pennsylvania 15940

PATRICIA S. RESLER
For the Chief,
Civilian Operations Branch

NATIONAL PERSONNEL RECORDS CENTER
(Civilian Personnel Records)
111 Winnebago Street
St. Louis MO 63118-4126

NATIONAL ARCHIVES AND RECORDS ADMINSTRATION    NA FORM 13022E (REV.