UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY BONAPARTE,<br><br>                **Plaintiff,**<br><br>                v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>                **Defendant.** | Civil Action 07-0749 (HHK) |

**MEMORANDUM OPINION**

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the Executive Office for United States Attorneys' ("EOUSA") response to his request for records pertaining to two assistant United States attorneys ("AUSA"). Presently before the Court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(7) or for summary judgment pursuant to Fed. R. Civ. P. 56. Upon consideration of the parties' submissions and the entire record, the Court will deny defendant's motion in its entirety.

**I. BACKGROUND**

By letter dated April 26, 2006, plaintiff requested the letters of appointment and oaths of office for AUSA Latour Lafferty and AUSA Kathy J.M. Peluso, both of whom were based in the United States Attorney's Office for the Middle District of Florida. Def.'s Ex. 2, Declaration of John F. Boseker ("Boseker Decl.") ¶¶ 6-7 & Ex. A. EOUSA assigned file number 06-3440 to the Peluso request and file number 06-3441 to the Lafferty request. *See* Boseker Decl. at 2-3.

By letter of November 15, 2006, EOUSA informed plaintiff with regard to Peluso that "[a]ll records you seek are being made available to you," and further informed plaintiff of his right to appeal the final action to the Office of Information and Privacy ("OIP") within 60 days. *Id.*, Ex. C. The release consisted of two whole pages. Boseker Decl. ¶ 9. In a separate letter dated November 15, 2006, EOUSA informed plaintiff that it had located no responsive records about Lafferty, that Lafferty was no longer employed with the Middle District of Florida, that plaintiff may be able to obtain any responsive records by contacting the National Personnel Records Center ("NPRC") in St. Louis, Missouri, and that plaintiff had 60 days to administratively appeal the final action. *Id.*, Ex. E. OIP has no record of receipt of an administrative appeal from plaintiff prior to this lawsuit. *Id.* ¶¶ 10, 13; Def.'s Ex. 3, Declaration of Chiquita J. Hairston ("Hairston Decl.") ¶¶ 6-8.

Plaintiff alleges that on February 2, 2007, he delivered to prison officials at the Federal Correctional Institution in Loretto, Pennsylvania, for mailing his administrative appeal addressed to OIP. Pl.'s Declaration in Opposition to Defendant's Motion for Summary Judgment [Dkt. 11-3] ¶ 16 & Ex. E. Having received no response from OIP, plaintiff initiated this civil action on March 27, 2007. *Id.* ¶¶ 18-19.

## II. DISCUSSION

Defendant's Motion to Dismiss

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on plaintiff's alleged failure to exhaust administrative remedies. Def.'s Mem. of P. & A. at 14. It is established that the FOIA's exhaustion requirement is not jurisdictional, but "as a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance. *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir.

2003). Because the dismissal of a FOIA claim based on the failure to exhaust administrative remedies is properly decided under Rule 12(b)(6), *Hidalgo*, 344 F.3d at 1260, the Court is satisfied that it has subject matter jurisdiction to entertain the complaint. Defendant's Rule 12(b)(1) motion to dismiss therefore is denied.

Defendant also invokes as a basis for dismissal Fed. R. Civ. P. 12(b)(7) for plaintiff's failure to join the NPRC as a party-defendant, but it has not articulated a basis for joinder under Fed. R. Civ. P. 19. In any event, plaintiff has made clear in his opposition that NPRC "is not a necessary party or have [sic] any interest in this matter," Pl.'s Mem. of P. & A. [Dkt. No. 11] at 8, and that he "has [] no intention in joining the NPRC as a party in this litigation." *Id*. at 17. Defendant's motion to dismiss pursuant to Rule 12(b)(7) therefore is denied.

Defendant's Motion for Summary Judgment

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h). As a general rule, "[i]n deciding whether there is a genuine issue of fact before it, the court must assume the truth of all statements proffered by the party opposing summary judgment." *Greene v. Dalton*, 164 F.3d 671, 674 (D.C. Cir. 1999). "If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available." *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994) (*citing Alveska Pipeline Serv. Co. v. United States Envtl. Protection Agency*, 856 F.2d 309, 314 (D.C. Cir. 1988)).

3

Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court may award summary judgment in a FOIA case solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

*1. Plaintiff's Exhaustion of Administrative Remedies*

Defendant asserts that it is entitled to relief because plaintiff failed to exhaust his administrative remedies by appealing to the OIP within 60 days of EOUSA's determination letters dated November 15, 2006. The parties agree, however, that plaintiff's prison transfer delayed his receipt of the determinations until December 26, 2006. Plaintiff states in a sworn declaration that on February 2, 2007, he submitted his appeal to prison authorities to mail to OIP, but received no response from OIP before filing this action more than 50 days later. Pl's Decl. ¶¶ 16-19 & Ex. E. Although plaintiff has provided no documentation of that submission or of the actual mailing, the Court cannot conclude where there has been no period of discovery that plaintiff cannot produce supporting documentation. Assuming the truth of his statement, then, the Court finds that plaintiff would have lodged his appeal within 60 days of his receipt of the agency determination. At the least, a genuine issue of material fact exists as to whether plaintiff constructively exhausted his administrative remedies. Summary judgment based on the failure to exhaust therefore is inappropriate.

*2. Plaintiff's FOIA Claim*

Defendant asserts in the alternative that it satisfied its obligations under the FOIA by conducting a reasonable search and producing responsive records. Plaintiff challenges defendant's search, which failed to locate AUSA Peluso's letter of appointment and any of the requested records pertaining to AUSA Lafferty.[1] *See* Pl.'s Statement of Material Facts in Dispute ¶ 4; Pl.'s Mem. of P. & A. at 11-14.

The Court's review of the adequacy of an agency's search for responsive records is based on principles of reasonableness. *International Trade Overseas, Inc. v. Agency for International Development*, 688 F. Supp. 33, 36 (D.D.C. 1988) (*citing Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). An agency is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Id*. (*quoting Marrera v. United States Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)). Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (*citing Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)).

---

[1] Although defendant's response to the request for Peluso's records stated that "[a]ll of the records you seek are being made available to you," it identifies the subject of the request as Peluso's "Oath of Ofc." Boseker Decl., Ex. C. Thus, plaintiff reasonably questions the completeness of that release, which appears to have excluded from consideration his request for Peluso's letter of appointment. Defendant should address this discrepancy in its supplemental filing.

"The fact that a particular document [is] not found does not [itself] demonstrate the inadequacy of a search." *Boyd v. Criminal Div. of United States Dep't of Justice*, 475 F.3d 381, 390-91 (D.C. Cir. 2007) (citations omitted). Nor is an agency required to search every record system if the "searches are unlikely to produce any marginal return." *Campbell v. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998) (*citing Oglesby*, 920 F.2d at 68). On the other hand, an agency "cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Oglesby*, 920 F.2d at 68. Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena*, 180 F.3d at 326 (*citing Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)).

Defendant relies solely on the Boseker Declaration, but Mr. Boseker only surmises that searches occurred at the United States Attorney's Office for the Middle District of Florida. Boseker Decl. ¶ 7. Mr. Boseker does not describe the filing systems searched, the search methods employed and the search terms utilized, nor has he averred that all files likely to contain responsive records were searched. In short, summary judgment is inappropriate because the record is devoid of any evidence about the search. The Court therefore has no basis to determine whether the search was adequate or, as plaintiff claims, inadequate because it did not encompass offices beyond the Middle District of Florida. *See* Pl.'s Mem. of P. & A. at 14.

## CONCLUSION

For the foregoing reasons, the Court denies defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(7) and further denies defendant's motion for summary

judgment without prejudice to reconsideration following supplementation of the record. A separate Order accompanies this Memorandum Opinion.

_____s/s_____
Henry H. Kennedy, Jr.
United States District Judge

Date: January 25, 2008