UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAR 12 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GREGORY BONAPARTE, )
)
       Plaintiff, )
) Civil Action No. 07-0749(HHK)
vs. )
)
UNITED STATES DEPARTMENT OF )
JUSTICE, )
)
       Defendant. )
)

MOTION FOR LEAVE TO FILE REPLY TO THE DEFENDANT'S
SUPPLEMENT TO THE RECORD AND RENEWED MOTION TO
DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

    Plaintiff, Gregory Bonaparte, pro se, hereby moves this Honorable Court for leave to file a reply to the Defendant's Supplement to the Record and Renewed Motion to Dismiss or, in the alternative, for Summary Judgment. The Defendant's filing sets forth issues that the Plaintiff did not address in his original filing. These issues warrant a response in order to present the Court with a complete understanding of the law applicable in this case. Additionally, pursuant to the Defendant's recent filing, Plaintiff is required to submit his own affidavit or other documentary evidence contradicting the assertions in Defendant's attachments under Local Civil Rule 7(h); Fed. R. Civ. P. 56(e).

    This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and pertains to the processing of Plaintiff's FOIA request by the Executive Office for United States Attorneys ("EOUSA"). On April 26, 2007, Plaintiff initiated this action by filing a complaint, in which he challenged the adequacy of the EOUSA's and OIP's responses to his

FOIA request. See Docket Entry No. 1 ("Compl."). Defendant's motion to dismiss, or in the alternative for summary judgment must be denied, because there is a dispute over facts that make a difference in Plaintiff's case. Moreover, dismissal is warranted because there are genuine issues of material facts that exist regarding Plaintiff's complaint.

**A. SUPPLEMENT RECORDS FOUND ON AUSA PELUSO AFTER COURT ORDER**

In the Defendant's supplement brief, he alleges that "[f]ollowing the transmission of the Court's Order dated January 25, 2008, Mr. Boseker requested Ms. Griffith who is the FOIA Coordinator at the United States Attorney's Office for the Middle District of Florida (USAO/MDFL) to prepare a declaration describing the searches performed in response to Mr. Bonaparte's request. Ms. Griffiths e-mailed the documents sent to EOUSA according to her records. See Ex 1, Boseker Decl ¶4. Among the documents e-mailed was a two page document appearing responsive to the Plaintiff's request for a letter of appointment of AUSA Peluso. See Id ¶4. This document had not been previously reviewed nor was a disclosure determination made thereon by EOUSA. See Id ¶4. **Mr. Boseker has searched both FOIA files (AUSAs Peluso and Lafferty) created in conjunction with the handling of Mr. Bonaparte's requests, and no letter of appointment appears within either of them. See Id ¶5. As a result, no EOUSA action has previously been taken with respect to this record. See Id ¶5.**" See Pages 2-3, Def's Supplement to the Record and Mot. to Dismiss or, in the alternative, for Summ. Judgment.

A careful review of the Defendant's supplemental brief and

2

affidavits submitted by Mr. Boseker and Ms. Griffiths demonstrates that the Defendant had limited his search solely to the United States Attorney's Office for the Middle District of Florida pertaining to the responsive records (letter of appointment & oath of off.) of AUSA Peluso. The Defendant did not expanded its search for responsive documents, did not search in locations most likely to contain responsive materials and utilize different search terms which expanded the scope of the search. See Iturralde v. Comptroller of Currency, 315 F.3d 313-14 (D.C.Cir.2003).

It is obvious as indicated in Defendant's supplement brief at pages 2-3, and the Declarations submitted by Mr. Boseker (Second Declaration, Exhibit 1) and Ms. Griffiths (Exhibit 2), that the Defendant's initial and recent search was/is inadequate, the Defendant could have been more diligent and conducted a adequate and reasonable search of the National Personnel Records Center ("NPRC") in St. Louis, Missouri where Ms. Griffith (FOIA Coordinator for the United States Attorney's Office for the Middle District of Florida) declares that Assistant United States Attorneys employed at the United States Attorney's Office for the Middle District of Florida personnel files are shipped to. See Ex 2, Griffiths Decl. ¶6.

Also, the Defendant did not conduct an adequate search in any of the others offices that are **responsible** for the requested documents (letter of appointment & oath of off. for the AUSA(s)), namely: (1) the Office of the Attorney General; (2) the Office of the Deputy Attorney General; (3) the Office of Attorney Personnel Management in the Department of Justice; and (4) the Office of

3

Personnel Management. Accordingly, Plaintiff contends that EOUSA's FOIA search for responsive records of AUSA Peluso was inadequate. The EOUSA was required to search the other offices for "responsive records." See Iturralde, 315 F.3d 313-14; See also Oglesby v. U.S. Dept. of Amy, 920 F.2d 57, 68 (D.C.Cir.1990).

**B. EXEMPTION 6**

Exemption 6 of the FOIA protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

Plaintiff acknowledges the Defendant's determination surrounding the withholding of AUSA Peluso personal home address that falls within the protection of exemption 6's rubric of "invasion of personal privacy."

**C. DESCRIPTION OF SEARCH FOR RESPONSIVE RECORDS**

According to Defendant's recent submissions that on "November 6, 2002, Ms. Griffiths sent an e-mail to Amy O'Neal, Lead Human Resource Specialist, asking her to search for the specific records requested by Mr. Bonaparte on the two AUSAs. On November 7, 2006, Ms. Griffiths recieved Ms. O'Neal's reply, in which she states that she had located and would send to Ms. Griffiths the appointment affidavit for AUSA Peluso, but that the OPF for former AUSA Lafferty was no longer in the office's possession so she would be unable to produce any documents from him. The personnel file for AUSA Lafferty had been shipped to the National Personnel Records Center as required by 5 C.F.R. 293.307," the Defendant clearly describes and demonstrates that

4

he limited his search for responsive records pertaining to Plaintiff's request to the record system at the U.S. Attorney's Office for the Middle District of Florida (USAO/MDFL). See Pages 5-6, Def's Supplement to the Record and Mot. to Dismiss or, in the alternative, for Summ. Judgment; See also Ex 2, Griffiths Declaration ¶6.

Contrary to Iturralde, supra, the Defendant did not describe where he expanded his search to other record systems that contain responsive materials to Plaintiff's request. Moreover, Defendant's supplemental brief, and the affidavit summitted by Ms. Griffiths, specifically indicated that the personnel file for AUSA Lafferty had been shipped to the National Personnel Records Center in St. Louis, Missouri.[1] See Page 6, Def's Supplement to the Record and Mot. to Dismiss or, in the alternative, for Summ. Judgment; See also Ex 2, Griffiths Declaration ¶6. Therefore, the Defendant described in a general manner how it searched the U.S. Attorney's Office for the Middle District of Florida, but failed to describe in any detail what other record system it had searched.

**D. SEARCHES WERE NOT CONDUCTED AND RESPONSIVE MATERIALS HAVE NOT BEEN RELEASED**

The Defendant further contends that "[t]he Boseker and

---

[1] Even though the Defendant has indicated in his supplemental brief that Plaintiff had made a prior request to NPRC, the Defendant was still required to conducted an adequate search for responsive records pertaining to Plaintiff's request when he was specifically informed that personnel files for AUSA Lafferty and general files for AUSA(s) were "shipped" to the NPRC pursuant to the United States Attorney's Office for the Middle District of Florida policies.

Griffiths declarations demonstrate through detailed, non-conclusory avernment that, in this case, the EOUSA and USAO/MDFL engaged in a 'good faith effort to conduct a search for the requested records, using methods which [were] reasonably expected to produce the information requested.' Oglesby, 920 F.2d at 68. The declarations describes in detail the type of search that was conducted to locate documents responsive to Plaintiff's request." See Page 8, Def's Supplement to the Record and Mot. to Dismiss or, in the alternative, for Summ. Judgment.

Contrary to the Defendant's contention in his supplemental brief, Plaintiff maintains that Mr. Boseker and Ms. Griffiths declarations does not answer any question of a thorough detailed search for responsive "records and files" by the EOUSA.

Specifically, Plaintiff had indicated in his opposition brief, as he now asserts, that the EOUSA limited its search for the documents requested by him solely to the U.S. Attorneys Office for the Middle District of Florida, and that no other offices that are responsible for supervising and maintaining the responsive documents (letter of appointment & oath of off. for the AUSA(s) Latour Lafferty and Kathy J.M. Peluso) were searched. See Pl.'s Opp. at 14-15.

In Perry v. Block, 684 F.2d 121, 127 (D.C.Cir.1982), the District of Columbia Circuit Court observed that "two of the three government affiants identified with reasonable specificity the system of records searched and the geographic location of those files. The third affiant, it is true, **simply concluded that no records relating to Appellant remained undisclosed;** his position as North Dakota Director of the FmHa, however, lends

6

credence to the conclusion that he was referring solely to the files held at his North Dakota office and that the search he supervised encompassed **only those files**. To be sure, the descriptions of the searches could have been more detailed, and we urge agency affiants and counsel to provide as much specificity as possible to facilitate intelligent assessment of the submitted information." Id. at 127.

By the EOUSA limiting its search for the requested documents to the U.S. Attorneys office for the Middle District of Florida (USAO/MDFL), and not conducting an adequate search in the offices that are **responsible** for the requested documents (letter of appointment & oath of off. for the AUSA(s)), namely: (1) the National Personnel Records Center ("NPRC"); (2) the Office of the Attorney General; (3) the Office of the Deputy Attorney General; (4) the Office of Attorney Personnel Management in the Department of Justice; and (5) the Office of Personnel Management, Plaintiff asserts that the EOUSA's FOIA search was inadequate. The EOUSA was required to search the other offices for "responsive records." See Iturralde, 315 F.3d 313-14.

Also in Oglesby, supra, the Circuit Court held that an agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. The Court further held that, an agency "cannot limit its search to only one record system if there are others that are likely to turn up the information requested." Id. at 68.

7

E. **SPECIFICITY OF PLAINTIFF'S FOIA REQUEST**

Plaintiff expresses to the Court in this filing that at the time of filing his FOIA request to the EOUSA and filing the administrative appeal letter to the OIP he was unexperienced in filing FOIA requests. Plaintiff also indicates to the Court that he is pro se status and his FOIA request was intended on just obtaining the "letter of appointment and oath of office documents for the AUSA(s) Latour Ley Lafferty and Kathy J.M. Peluso in connection with his case.

Specifically, Plaintiff FOIA request was intended on acquiring the letter of appointment and oath of office documents for AUSA Latour Ley Lafferty authorizing him to prosecute his criminal case (8:98-CR-278-T-24TGW). Also, Plaintiff's FOIA request for the letter of appointment and oath of office documents for AUSA Kathy J.M. Peluso was intended on acquiring the documents authorizing her to litigate in his criminal and civil proceedings (8:98-CR-278-T-24TGW)(8:02-CV-1906-T-24TGW).

Under the above mentioned circumstances, Plaintiff requests the Court to enjoin the Defendant to disclose the "letter of appointment and oath of office" documents concerning the AUSA(s) Latour Ley Lafferty and Kathy J.M. Peluso being authorized to prosecute and litigate in his criminal and civil cases (8:98-CR-278-T-24TGW)(8:02-CV-1906-T-24TGW).

## CONCLUSION

Plaintiff has established a violation of his FOIA request. Plaintiff has also demonstrated that the Defendant had conducted a unreasonable search, and was incompetent and reluctant in diligently searching for documents responsive to his request.

8

Therefore, Plaintiff respectfully request this Honorable Court to grant leave to file this reply, consider the merits of this filing, and dismiss Defendant's Renewed Motion to Dismiss or, in the alternative, for Summary Judgment.

Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATE this _6th_ day of March, 2008.

RESPECTFULLY SUBMITTED,

*Gregory Bonaparte*
GREGORY BONAPARTE, pro se

**CERTIFICATE OF SERVICE**

This is to certify that I have this date under the pains and penalty of perjury (Title 28 U.S.C. § 1746) served a true and correct copy of the foregoing Motion for Leave to File Reply to the Defendant's Supplement to the Record and Renewed Motion to Dismiss or, in the alternative, for Summary Judgment upon counsel of record as follows:[2]

> Raymond A. Martinez
> Special Assistant United States Attorney
> 555 Fourth St., N.W., Room E4815
> Washington, D.C. 20530

By placing the same in the United States mail, first class postage prepaid and properly affixed thereto.

DATED this _6th_ day of March, 2008.

BY: _/s/ Gregory Bonaparte_
  GREGORY BONAPARTE, pro se

USM #22786-018
FCI-Loretto
P.O. Box 1000
Loretto, PA 15940

---

[2] A prisoner's pro se pleading is deemed filed the date it is delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 275, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY BONAPARTE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE, )<br>)<br>Defendant. )<br>) | Civil Action No. 07-0749(HHK) |

DECLARATION IN OPPOSITION TO THE DEFENDANT'S
SUPPLEMENT TO THE RECORD AND RENEWED MOTION
TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Gregory Bonaparte declares under penalty of perjury:

1. I am the Plaintiff in the above entitled case. I make this declaration in opposition to Defendant's supplement to the record and renewed motion to dismiss or, in the alternative, for summary judgment concerning improperly withholding of agency records under the FOIA by Defendant, U.S. States Department of Justice (EOUSA).

2. The Defendant's declarations claim, in summary, that following transmission of the Court's Order of January 25, 2008, and advising of the need to prepare a declaration describing the searches performed in response to Plaintiff's requests, Ms. Griffiths e-mailed to the EOUSA a two-page letter of appointment document pertaining to AUSA Peluso, responsive to Plaintiff's request. See Ex.1, Boseker Second Decl. ¶4, Exhibit A attached; See also Ex.2, Griffiths Decl. ¶¶6-7, 9.

3. The Defendant's declaration further claim, in summary, that Mr. Boseker initially searched FOIA files pertaining to

AUSA(s) Lafferty and Peluso at the EOUSA, and no letter of appointment appeared within either file. The EOUSA has taken no other action with respect to locating responsive records. Subsequently to the Court's Order of January 25, 2008, Mr. Boseker did not conduct any search for the requested documents.

4. The Defendant's declaration additionally claim, in summary, that the personnel files for former AUSA Lafferty was shipped to the National Personnel Records Center as required under 5 C.F.R. 293-307. See Ex.2, Griffiths Decl. ¶6.

5. The Defendant is not entitled to summary judgment because there are genuine issues of material fact to be resolved. These issues are identified in the accompanying statement of disputed factual issues filed by the Plaintiff pursuant to Rule 7 of the Local Rules of this District Court. The facts are set out in this declaration.

6. The EOUSA did not contact nor conduct an adequate search for responsive records at the National Personnel Records Center, or the locations that are responsible for supervising and maintaining the requested records, namely: (1) the office of the Attorney General; (2) the Office of the Deputy Attorney General; (3) the Office of Attorney Personnel Management in the Department of Justice; and (4) the Office of Personnel Management.

7. The United States Attorney's Office for the Middle District of Florida (USAO/MDFL) did not contact nor conduct an adequate search for responsive records at the National Personnel Records Center, or locations that are responsible for supervising and maintaining the requested records, namely: (1) The Office of the Attorney General; (2) the Office of the Deputy Attorney

General; (3) the Office of Attorney Personnel Management in the Department of Justice; and (4) the Office of Personnel Management.

8. The foregoing factual allegations create a genuine issue of material fact and will, if proven, entitle me to judgment, as explained in the brief submitted with this declaration.

Pursuant to Title 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

DATED this 6th day of March, 2008.

RESPECTFULLY SUBMITTED,

*Gregory Bonaparte*
GREGORY BONAPARTE, pro se

USM #22786-018
FCI-Loretto
P.O. Box 1000
Loretto, Pennsylvania 15940