UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GREGORY BONAPARTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07–0749 (HHK) |
| ) | ECF |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS**

Pursuant to LCvR 7(d), Defendant United States Department of Justice hereby replies to Plaintiff's Opposition in response to Defendant's Supplement to the Record and Renewed Motion to Dismiss or in the Alternative for Summary Judgment.

**Introduction**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974 ("the Privacy Act"), 5 U.S.C. § 552a, and pertains to the processing of Plaintiff's FOIA/Privacy Act request by the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ").  On April 24, 2007, Plaintiff, a federal inmate, initiated this action by filing a Complaint, in which he challenged the adequacy of EOUSA's responses to his FOIA request.  See Docket Entry No. 1 ("Compl.").

On March 6, 2008, the Defendant filed a Supplement to the Record and renewed its Motion to Dismiss, or in the Alternative, for Summary Judgment.  See Docket Entry No. 19.  In that brief, Defendant provided a detailed description of the search for responsive records and an

additional two page document responsive to the request for the letter of appointment for AUSA Peluso. See Document Entry No. 19 , Boseker Decl ¶6.  Plaintiff in his reply argues that by the submission of this additional document, Defendant's search was inadequate and that defendant should have expanded its search to include other offices beyond the U.S. Attorney's Office for the Middle District of Florida (USAO/MDFL).  However, under applicable law an agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. Defendant has met that obligation.

**A**.  **Supplemental Records Found on AUSA Peluso**

Following the transmission of the Court's Order dated January 25, 2008,  Mr. John Boseker, the Attorney Advisor for EOUSA,  requested that Ms. Christina Griffiths, the FOIA coordinator at the USAO/MDFL, prepare a declaration describing the searches performed in response to Mr. Bonaparte's request.  Ms. Griffiths e-mailed the documents sent to EOUSA according to her records and among them was a two page document appearing to be responsive to the request for a letter of appointment of AUSA Peluso. See Document Entry 19,  Ex.1, Boseker Decl ¶4.  This document was not originally provided to Plaintiff in response to his request.   However, the Agency did make a good faith search in those systems which it believed responsive records were likely to be located.

A search for files which may contain responsive records is usually conducted by use of the computer tracking system LIONS, by which an individual's records are accessed by name and location of the records identified.  Ms. Griffiths conducted that search and provided that information to the FOIA Contact assigned to process the request. See Document Entry 19, Griffiths Decl ¶3.   On November 6, 2006, Ms. Griffiths received from EOUSA two FOIA

2

requests made by Plaintiff, each assigned numbers by EOUSA. The first request, FOIA No. 06-3440, sought the letter of appointment and oath of office for AUSA Kathy Peluso. The second request, FOIA No. 06-3441, sought the letter of appointment and oath of office for former AUSA LaTour Lafferty. In both instances, what Plaintiff requested were records which, if they exist, would ordinarily be located in an individual employee's personnel file. AUSA personnel files are maintained in the Official Personnel Files ("OPF") by the Human Resources Department within USAO/MDFL See id.¶6. Therefore, on November 6, 2006, Ms. Griffiths caused a search to be made by the Lead Human Resources Specialist, Amy O'Neal, for the requested documents. Ms. Griffiths received a reply from Ms. O'Neal in which she stated that she had located and would send the appointment affidavit for AUSA Peluso, but that the OPF for former AUSA Lafferty was no longer in the office's possession. See id ¶6.

After receiving the information from the Human Resource Staff, it was transmitted via facsimile to the FOIA unit as was Ms. Griffiths's standard practice. See id ¶7. Apparently, AUSA Peluso's letter of appointment was not received by Mr. Boseker and therefore was not reviewed for release to plaintiff. Because this document had not been previously reviewed and no disclosure determination made thereon by EOUSA, in its original response, does not mean that Defendant's search was inadequate. Mr. Boseker had previously searched both FOIA files (AUSAs Peluso and Lafferty) created in conjunction with the handling of Mr. Bonaparte's requests, and no letter of appointment appears within either of them. See Document Entry19 Boseker Decl ¶5. As Mr. Boseker affirms, this situation remains inexplicable as no subsequent search was made following the Court's Order dated January 25, 2008. See id ¶5. However AUSA Peluso's appointment letter was provided and enclosed with only her home address

3

redacted. See Id Boseker Decl.¶6. Had EOUSA previously received this document for review, it would have disclosed the document with the original response, as it did with its Renewed Motion, with the home address withheld by application of exemption (b)(6) to protect the AUSA from an unwarranted invasion of personal privacy that would likely follow from that release. Nevertheless, the original search, in the location in which the responsive documents would ordinarily be located, was adequate. It fully disclosed the records received in the original search, which were located and sent by USAO/MDFL. These documents comprised two pages attached by Plaintiff as exhibit A to his August 5, 2007 declaration. See Document Entry 11, exhibit A. No record was withheld in part or its entirety which was received by EOUSA resulting from the original search performed by the FOIA contact for the USAO/MDFL. The fact that a document was not originally produced does not mean the search was inadequate or that Defendant needed to expand its search.

**B.    Reasonable Searches Were Conducted and Responsive Materials Have Been Released.**

In responding to a FOIA request, an agency must conduct a reasonable search for responsive records. *Oglesby v. U.S. Dept. of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al.*, 844 F. Supp. 770, 776 (D.D.C. 1993); *Weisberg v. U.S. Dept. of Justice*, 705 F.2d 1344, 1352 (D.C. Cir. 1983). This "reasonableness" standard focuses on the method of the search, not its results, so that a search is not unreasonable simply because it fails to produce responsive information. *Id*. at 777 n.4. An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. *Oglesby*, 920 F.2d at 68. Consistent with the

reasonableness standard, the adequacy of the search is "dependent upon the circumstances of the case." *Truitt v. Dept. of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." *Steinberg v. Dept. of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. Dept. of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent and reasonable. *Nation Magazine*, *Washington Bureau v. Custom Services* 71 F.3d at 892 n.7.

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68; *see SafeCard Servs. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." *Miller v. U.S. Dept of State*, 779 F.2d at 1383; *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927 (1980). . Thus, once the agency has met its burden regarding adequacy of its search, the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. *Miller*, 779 F.2d at 1383. EOUSA meets the reasonableness standard in conducting its searches and is therefore entitled to summary judgment.

As previously provided to the Court, plaintiff's FOIA request letter was for specific records, identified to specific locations and addressed to EOUSA. See Docket Entry no.9 exhibit A. Both

acknowledgment letters to plaintiff indicate that the Middle District of Florida was the location associated with the request. See Docket Entry No.9 exhibit B.  It was reasonable for defendant to search that office where it believed responsive records were likely to be located.  As Ms. Griffiths affirms, what Plaintiff requested were records which would ordinarily be located in an employee's personnel file maintained by the Human Resources Department within USAO/MDFL.  Therefore, it was reasonable for Defendant to conduct the search in that office.  Additionally, Plaintiff did not write back and protest the search of this location, nor state that any other location should be searched.   The Defendant, through the declarations of John Boseker and Christina Griffiths, demonstrates through detailed averments that, in this case, the EOUSA and USAO/MDFL engaged in a "good faith effort to conduct a search for the requested records, using methods which were reasonably expected to produce the information requested." *Oglesby* 920 F. 2d at 68.   Their declarations describe in detail the type of search that was conducted to locate documents responsive to Plaintiff's request.  See Docket Entry No. 19 Exhibit A & B.  The fact that a supplemental document was provided to Plaintiff which was not previously provided in Defendant's original FOIA response in not determinative to the adequacy of Defendant's search.[1]

## V.  CONCLUSION

Defendant conducted a reasonable search, and turned over what documents it had that were responsive to Plaintiff's request.  Plaintiff's argument that EOUSA should have expanded the scope of its search does not demonstrate an inadequate search.  An Agency is not required to

---

[1] It is important to note that the supplemental document provided to Plaintiff was found without expanding the original search or creating an additional search.

search every record system, but only those in which it believes responsive records are likely to be located.    Defendant has met that obligation.

WHEREFORE, Defendant respectfully submits that the Court grant Defendant's Motion To Dismiss or in the Alternative for Summary Judgment.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/_____
Raymond A. Martinez TX.. BAR # 13144015
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
 202) 514-9150
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March 2008, I caused the to be served on plaintiff, pro se, by first class mail, postage prepaid, addressed as follows:

Gregory Bonaparte

7

R 22786-018
Loretto Federal Correctional Institution
Inmate mail/Parcels
P.O. Box 1000
Loretto, PA 15940



_____/s/_____
Raymond A. Martinez TX.. BAR # 13144015
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-9150
(202) 514-8780 (facsimile)