UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY BONAPARTE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>　　　　　　Defendant. | Civil Action 07-0749 (HHK) |

**MEMORANDUM OPINION**

In response to the Order of January 25, 2008, denying dispositive relief to defendant on plaintiff's Freedom of Information Act ("FOIA") complaint, defendant has supplemented the record with respect to its search for records, *see* accompanying Memorandum Opinion ("Mem. Op.") at 5-6, and has renewed its motion to dismiss or for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's renewed summary judgment motion and enter judgment accordingly.

Defendant has presented evidence that any records responsive to plaintiff's request for the oaths of office and letters of appointment of two assistant United States attorneys "ordinarily would be located in an individual employee's personnel file" maintained by the local human resources office, here the United States Attorney's Office for the Middle District of Florida. Def.'s Mot., Ex. 2 (Declaration of Christina J. Griffiths ¶ 6). *See* Mem. Op. at 1-2 (Background). Defendant reasonably explains that it could not produce records pertaining to former AUSA Latour Lafferty because Griffith's search, *see id*. ¶¶ 3-6, revealed that Lafferty's

personnel file had been "shipped to the National Personnel Records Center ["NPRC"] as required by 5 C.F.R. § 293.307."[1]  Griffiths Decl. ¶ 6.

Because an agency is required to produce only those records in its custody and control at the time of the FOIA request, *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983), the Court, finding EOUSA's search reasonable and performed in good faith, has no authority to compel any further action by defendant with regard to Lafferty's records.  Presumably, plaintiff may submit a FOIA request to  the National Archives and Records Administration, of which the NPRC is a component.  See 36 C.F.R. §§ 1250.1 *et seq.*; http://www.archives.gov/foia/foia-guide.html.

Finally, no question remains about the search for AUSA Kathy J.M. Peluso's previously omitted appointment letter, *see* Mem. Op. at 5, n.1, because the two-page document has been located and released to plaintiff with only Peluso's home address properly redacted under the privacy provision of FOIA exemption 6, 5 U.S.C. § 552(b)(6).  Def.'s Mot., Ex. 1 (Second Declaration of John F. Boseker ¶ 6).  "[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*,  684 F.2d 121, 125  (D.C. Cir. 1982).

Finding no triable issue remaining on defendant's response to plaintiff's FOIA request, the Court concludes that defendant has satisfied its obligations under the FOIA and is now

---

[1]  Personnel "[f]olders ["OPF"] of persons separated from Federal employment" must be retained by the agency for 30 days and may be retained an additional 60 to 90 days, but "[t]herafter, the OPF *must* be transferred to the General Services Administration, National Personnel Records Center (Civilian Personnel Records), 111 Winnebago Street, St. Louis, Missouri 63118."  5 C.F.R. § 293.307(a) (emphasis added).

entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion.

                                                                         _____s/s_____
                                                                          Henry H. Kennedy, Jr.
                                                                         United States District Judge

Date: June 27, 2008